FILED

JUL - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )  Civil Action No.:
555 Fourth St., N.W. )
Washington, D.C.  20530 )
)
      Plaintiff, )
)
   v. )
)
PROPERTY IDENTIFIED AS )
1923 RHODE ISLAND AVENUE, NORTHEAST,
WASHINGTON, D.C.,

    and

ODELL HALE, )
)
      Defendants. )
)

Case: 1:07-cv-01211
Assigned To : Friedman, Paul L.
Assign. Date : 7/5/2007
Description: General Civil

## VERIFIED COMPLAINT OF THE UNITED STATES FOR FORFEITURE *IN REM*, TO ABATE AND PREVENT DRUG-RELATED NUISANCE, AND FOR PRELIMINARY AND PERMANENT INJUNCTION AGAINST NUISANCE

**COMES NOW**, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action seeking to condemn and forfeit the defendant real property to the use and benefit of plaintiff, to enjoin and abate the nuisance and disorderly house at the defendant real property's building and grounds, and to abate, enjoin, and prevent its continued use as a drug or prostitution-related nuisance.  As the basis for this action, plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANTS

1.    Plaintiff brings this civil action *in rem* pursuant to Title 21, United States Code, Section 881(a)(7), which provides for the forfeiture of all real property, including any right, title, and

interest, in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation, punishable by more than one year's imprisonment, of Title II of Pub.L. 91-513, popularly known as the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801 *et seq.*

2.      Plaintiff also brings this civil action pursuant to District of Columbia Code, Sections 22-2713 through 22-2720, inclusive, which declares to be a nuisance and disorderly house any building or place resorted to by persons using controlled substances, for the purposes of using any of these substances or selling any of these substances in violation of Chapter 9 of Title 48 of the District of Columbia Code, and which requires that such building or place, or the ground itself in or upon which such activity is conducted, permitted, or exists be enjoined and abated.

3.      Plaintiff also brings this civil action pursuant to District of Columbia Code, Title 42, Section 3102, which provides for an action to abate, enjoin, and prevent the existence of a drug or prostitution-related nuisance as defined in the Drug-Related Nuisance Abatement Act of 1998, as amended, codified at D.C. Code § 42-3101 *et seq.*

4.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. This Court also has supplemental jurisdiction of this action by virtue of 28 U.S.C. § 1367(a), because the nuisance abatement, injunction, and prevention claims arising under the District of Columbia Code are so related to the forfeiture claim within this Court's original jurisdiction that they form part of the same case or controversy. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which

any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found. The defendant *in rem* is real property situated in the District of Columbia. The defendant real property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

5.     The defendant real property with appurtenances and improvements is identified as all that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, located at **1923 Rhode Island Avenue, N.E., Washington, D.C.,** being further described as follows:

> **Lot numbered sixteen (16) in block numbered three (3) of a subdivision of parts of a tract of land now known as "Ellaston Terrace" as per plat recorded to the office of the surveyor for the District of Columbia in liber county 18 at folio 8, said block 3 now known for purposes of assessment and taxation as square 4209 with all appurtenances and improvements thereon.**

6.     The defendant real property is titled to Odell Hale and Margaret C. Hale, who were husband and wife at the time they took title to the defendant property in 1978. Defendant Odell Hale is a citizen and resident of the District of Columbia at the address of the defendant property. Upon plaintiff's information and belief, defendant Margaret C. Hale also is a citizen of the District of Columbia and resident at another address in the District of Columbia. In the year 2000, Mr. Hale described Margaret Hale as his "ex-wife." Margaret Hale has indicated that she does not reside at or have control over the defendant property.

7.     This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §§ 983 and 985, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions.

## STATEMENT OF FACTS

8.      The defendant property at 1923 Rhode Island Avenue, N.E., is within 1000 feet of the grounds of the St. Frances de Sales parochial grammar school located at 2019 Rhode Island Avenue, N.E., Washington, D.C.  Detached residence buildings similar to that at the defendant property are located on either side of the address of 1923 Rhode Island Avenue, N.E. West of these three houses, in the same block and on the same side of the street is a large building apparently used for religious purposes, styled the International House of Prayer for All People.

9.      Since at least April 2000, the defendant property has come to the attention of law enforcement and police authorities because of a shooting on the front porch, drug sales and drug use in the house, related disorderly conduct, and residents' activities with prostitutes. The property's neighbors also have complained to police about activity there that is associated with drug-trafficking.

10.     Since June 2000, on at least six separate occasions, a judge of the Superior Court of the District of Columbia has issued a warrant to search the defendant property at 1923 Rhode Island Avenue, N.E., Washington, D.C., for controlled substances or drug contraband and evidence of unlawful drug-trafficking, upon affidavits submitted by sworn officers of the Metropolitan Police Department (MPD).  Each affidavit has recounted evidence that a person at or inside 1923 Rhode Island Avenue, N.E., had unlawfully distributed a controlled substance, usually cocaine, to a confidential police informant or special police employee.

11.     Two affidavits have described complaints from citizens and the property's neighbors about activities associated with illegal drug sales, and foot traffic at all times of the day and night, which is a sign that the property is a nuisance being used for street-level sales of illegal drugs to

walk-up purchasers.

12.    MPD police officers have executed search warrants at 1923 Rhode Island Avenue,

N.E., on June 6, 2000, August 23, 2003, November 24, 2006, December 6, 2006, April 20, 2007, and

May 25, 2007. On each occasion, police have arrested one or more persons at the defendant property

for unlawful possession of a controlled substance, as well as for other crimes.

13.    In the course of executing these six search warrants, police have arrested a total of

at least 15 persons at the defendant property on various charges, including unlawful possession with

intent to distribute a controlled substance, unlawful possession of a controlled substance, and

unlawful possession of drug paraphernalia.

14.    As a result of these charges, one of the property's owners, Odell Hale, has been

convicted in the Superior Court of the District of Columbia of unlawful possession of cocaine. A

felony criminal charge of unlawful possession of cocaine with intent to distribute now is pending

against Mr. Hale in Superior Court in criminal case number 2006CF2027212. A misdemeanor

charge of unlawful possession of drug paraphernalia now is pending against Mr. Hale in Superior

Court in criminal case number 2007CMD12487. Criminal charges based upon illegal possession

of drugs or drug paraphernalia also now are pending in the Superior Court against two other residents

of the defendant property: (1) Johnnie Sistrunk, in criminal case number 2007CMD9084, which has

a trial date set in August 2007, and 2007CMD12535, which also has a trial date set in August 2007;

and (2) Reginald C. Williams in criminal case number 2007CMD012100, which has a trial date set

in August 2007.

15.    In the year 2000, when police executed the first search warrant at the defendant

property, Mr. Hale was under indictment for assault with a dangerous weapon-gun (ADW), along

with related threats and weapons charges. This indictment arose from a shooting at the property's front porch at about 1:20 in the morning of April 7, 2000. In the course of a four-person affray, in which another resident beat a woman who lived at the house, Mr. Hale shot and wounded a visitor to the property, who said he had come to collect money. On August 28, 2000, following a guilty plea to the felony shooting assault and a gun crime, Mr. Hale was sentenced to prison terms of three-to-nine years for the ADW offense and one year for a gun crime, both terms suspended during five years of probation.

## SEARCH WARRANT EXECUTED JUNE 6, 2000

16.    On June 1, 2000, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that citizens had complained about activity at the address that was consistent with illegal drug activity, including heavy foot traffic coming to and from the house during all hours of the day and night. The affidavit further stated that a special police employee had bought suspected crack cocaine from a man who came out of this address during a police-supervised "controlled buy" that had occurred within the three days before June 1, 2000.

17.    Thereafter, on June 6, 2000, officers from MPD's Fifth District executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. Inside the house, police found at least three persons.

18.    In the course of searching the defendant property on June 6, 2000, police seized a ziplock of marijuana from a man present in the house, Antonio Scott, who was arrested and charged with its unlawful possession. The police arrest/prosecution report, prepared on a PD 163 form, stated that Antonio Scott's address was 1923 Rhode Island Avenue, N.E. Additionally, police seized

from a living-room closet 33 live rounds of .38-calibre ammunition and one live .22-calibre bullet. As a result, police arrested another of the house's residents, Johnnie Sistrunk, for unlawful possession of unregistered ammunition. From the residence, police also seized mail addressed to Mr. Sistrunk. A police report stated that Mr. Sistrunk resided at 1923 Rhode Island Avenue, N.E.

## SEARCH WARRANT EXECUTED AUGUST 23, 2003

19.    On August 22, 2003, a judge of the Superior Court for the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had bought suspected crack cocaine from a man inside the house at this address during a police-supervised "controlled buy" that had occurred within the three days before August 22, 2003.

20.    The following day, on August 23, 2003, officers from MPD's Fifth District executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. At the house, police found several persons, one of them being Odell Hale, who was on a porch.

21.    Inside a room at the defendant property, police found three ziplock bags containing crack cocaine and a ziplock bag containing marijuana. From this room, police also seized mail addressed to Mr. Hale and $910 in cash. Police arrested Mr. Hale and charged him with unlawful possession with intent to distribute cocaine.

22.    Police also caught Gina Watson as she was leaving a closet in a downstairs basement bedroom. From inside this closet, police seized ten ziplocks with crack cocaine inside them and a $50 bill. Police estimated the value of each of these rocks of crack cocaine to be $50.

23     Additionally, police seized from the house's living room a device known as a crack pipe or crack bottle, something commonly used to smoke crack cocaine. From a bedroom, police

-7-

seized a scale of a type often used to weigh amounts of illegal crack cocaine to be packaged for unlawful sales. Police also seized from the house two razor blades of a type frequently used to cut up amounts of crack cocaine to package it for sale, plus numerous ziplocks commonly used in packaging crack cocaine for "street-type" sales.

24.     Thereafter, in the Superior Court, the government charged Odell Hale with unlawful possession of cocaine and marijuana in criminal case number M-07285-03.

25.     In October 2003, the Court convicted Mr. Hale of unlawful cocaine possession at 1923 Rhode Island Avenue, N.E., after a guilty plea and sentenced him to 120 days in jail, suspended during a period of probation.

## SEARCH WARRANT EXECUTED NOVEMBER 24, 2006

26.     On November 20, 2006, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had recounted activity at the address that was consistent with illegal drug activity, including heavy foot traffic coming to and from the house during all hours of the day and night. The affidavit further stated that a special police employee had bought suspected crack cocaine from inside the house during a police-supervised "controlled buy" that had occurred during the three days before November 20, 2006.

27.     Four days later, on November 24, 2006, officers from MPD's Fifth District executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. Inside the house, police found at least fifteen persons, including Odell Hale.

28.     In one bedroom, police found a pill-box containing two loose rocks of crack cocaine, Johnnie Sistrunk, and two women, Thyanne Harris, who identified herself as Tyhanee Diggins, and

-8-

Kimberly Barage, who identified herself as Terry Scott. Police arrested and charged each person with unlawful possession of cocaine. Ms. Barage also was arrested on two bench warrants for failing to appear in Superior Court, once for a status hearing and once for a trial in another criminal case.

29.     In a second bedroom, police found two men, Reginald Williams and Donald Williams, as well as (1) empty blue ziplocks of a type used to package illegal drugs such as crack cocaine; (2) a razor blade of a kind used to cut off pieces of crack cocaine from larger rocks; and, (3) a "push rod" – a device commonly used to pack into a pipe crack cocaine before smoking it. As a result, police arrested these two men on charges of unlawful possession of drug paraphernalia. Police also arrested a sixth person, Anthony Blocker, on an outstanding escape warrant.

**Charges against resident Johnnie Sistrunk:**

30.     The police report of Mr. Sistrunk's arrest on November 24, 2006, stated that his address was 1923 Rhode Island Avenue, N.E. Paperwork developed after this event stated that Mr. Sistrunk had the same MPD PDID and date of birth as the Johnnie Sistrunk arrested at 1923 Rhode Island Avenue, N.E., on June 6, 2000, when police served a search warrant there on that date. The police report of Reginald Williams's arrest on November 24, 2006, stated that his address was 1923 Rhode Island Avenue, N.E.

31.     Thereafter, the government charged Mr. Sistrunk in Superior Court criminal case number 2006CMD026214 with unlawful possession of a controlled substance in violation of D.C. Code § 48-904.91(d). After Mr. Sistrunk had been charged in Superior Court following this November arrest, he told a court agency that he resided at 1923 Rhode Island Avenue, N.E. The Court released Mr. Sistrunk pending trial on the condition that he commit no new crimes and that he return to court when required.

32.     Ms. Barage and Ms. Harris were prostitutes with whom one or more of the men present at 1923 Rhode Island Avenue, N.E., that evening planned to engage in sexual acts. A review of Ms. Barage's criminal history shows that she has been arrested using aliases of Lisa Burns, Denise Carter, Shavon Sanford, Terry Scott, Sharon Stanford, Chavone Wilson, Sherry Brimmer, and Lisa Wilson, and 14 other variations of these names. Police records indicate that Ms. Barage has been arrested approximately 33 times before November 24, 2006, including in Rhode Island, Iowa, Delaware, Wisconsin, and Washington, D.C. At least ten of these arrests involved charges related to street-level prostitution activities. Five or more of the arrests involved drug-related charges. Ms. Harris has prior convictions from Kansas involving narcotics and child-endangerment.

## SEARCH WARRANT EXECUTED DECEMBER 6, 2006

33.     Less than two weeks later, on December 6, 2006, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had bought suspected crack cocaine from a man inside the house at this address during a police-supervised "controlled buy" that had occurred within the previous three days.

34.     Later that evening, officers from MPD's Fifth District executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. At the house, police found at least 14 persons, six of whom they arrested, including Odell Hale.

35.     Police found Mr. Hale in his ground-floor bedroom. From this bedroom, officers seized more than 25 ziplock bags each containing crack cocaine, another ziplock containing a white powder, and a piece of clear cellophane containing about an eighth of an ounce of crack cocaine. Additionally, in this bedroom, police found three bags containing many empty ziplocks of a type

commonly used in packaging crack cocaine for "street-type" sales.

36.     An eighth of an ounce of crack cocaine, commonly known as an "eight-ball," can be cut into 30 or more smaller rocks of crack cocaine of a size sold for $10 each.

37.     Police also found in a basement bedroom Johnnie Sistrunk, Adeyinka Aderemi, Colin M. Wilson, and Sheila Howard. From this bedroom, police seized four ziplocks each containing crack cocaine, two pieces of mirror glass with cocaine on them, a razor blade of a type commonly used to cut up crack cocaine, loose amounts of crack cocaine, and two devices commonly used to smoke crack cocaine. Police arrested all four persons on charges of unlawful possession with intent to distribute cocaine or unlawful possession of drug paraphernalia.

38.     Police arrested Reginald Williams in a basement washroom. From the sock on Mr. Williams's foot at the time, police seized crack cocaine and heroin.

**Charges against Odell Hale**:

39.     Thereafter, the government charged Mr. Hale in Superior Court criminal case number 2006CF2027212 with the felony crime of unlawful possession with intent to distribute a controlled substance in violation of D.C. Code § 48-904.01(a)(1). This case is pending indictment.

40.     Court documents show that this defendant Hale is the Odell Hale convicted of possession of cocaine in Superior Court criminal case number M-07285-03 after his arrest at 1923 Rhode Island Avenue, N.E., on August 23, 2003. This also is the same Odell Hale who owns the property at 1923 Rhode Island Avenue, N.E., and who was present when police served the previous search warrants there, and recovered drugs and related contraband on November 24, 2006, and April 20, 2007. This is the same Mr. Hale who was convicted of assault with a dangerous weapon-gun and unlawful carrying a pistol without a license in August 2000, after Mr. Hale had been arrested in April

2000 for shooting a man on the property during an affray at 1:20 a.m.

**Charges against Resident Johnnie Sistrunk**:

41.    As a result of the execution of this December search warrant, the government also charged Mr. Sistrunk in Superior Court criminal case number 2006CMD027215 with the unlawful possession of a controlled substance in violation of D.C. Code § 48-904.01(d) and unlawful possession of drug paraphernalia in violation of D.C. Code § 48-1103(a).   This case is pending trial in the Superior Court in August 2007.

42.    Court documents show that this defendant Sistrunk is the same man charged with possession of cocaine in Superior Court after his arrest at 1923 Rhode Island Avenue, N.E., following the execution of a search warrant there in November 2006.  Therefore, at the time of Mr. Sistrunk's arrest on new criminal charges on December 6, 2006, he was on pre-trial release in the criminal case arising from the execution of the November search warrant.  The November charges were dismissed December 11, 2006.

43.    The police report of defendant Sistrunk's arrest on December 6, 2006, stated that his address was 1923 Rhode Island Avenue, N.E.  After Mr. Sistrunk had been charged in Superior Court following this arrest, he told a court agency that he lived at 1923 Rhode Island Avenue, N.E.

**Charges against Resident Reginald Williams**:

44.    Based on these events on December 6, 2006, the government also charged Reginald Williams in Superior Court criminal case number 2006CMD027222 with two counts of unlawful possession of a controlled substance, in violation of D.C. Code § 48-904.01(d).  Court documents show that defendant Williams is the same Reginald Williams arrested at 1923 Rhode Island Avenue, N.E., after police executed a search warrant there on November 24, 2006.

-12-

45.     The police report of defendant Williams's arrest on December 6, 2006, stated that his address was 1923 Rhode Island Avenue, N.E.  After Reginald Williams had been charged in Superior Court following this arrest, he told a court agency that he lived at 1923 Rhode Island Avenue, N.E.  On May 1, 2007, Mr. Williams was convicted by guilty plea of possession of a controlled substance at the defendant property.

**Other Persons Charged**:

46.     As a result of the execution of this December 2006 search warrant at the defendant property, the government also charged Mr. Wilson in Superior Court criminal case number 2006CMD027216 with unlawful possession of drug paraphernalia.  A Superior Court Judge issued a bench warrant for Mr. Wilson's arrest on April 13, 2007, after he failed to appear in court in this case.  Police arrested Mr. Wilson on about April 30, 2007.

47.     As a result of the execution of this December 2006 search warrant at the defendant property, the government also charged Mr. Adiremi in Superior Court criminal case number 2006CMD027214 with unlawful possession of drug paraphernalia.  When police arrested Mr. Aderemi, they discovered two outstanding two bench warrants for him because he had failed to appear in the Superior Court on traffic charges in July 2006.  Additionally, court documents show that Mr. Adiremi was on probation for a traffic offense in the District of Columbia and appeared to be on probation in Maryland for a theft conviction in Charles County.

48.     As a result of the execution of this December 2006 search warrant at 1923 Rhode Island Avenue, N.E., the government also charged Ms. Howard in Superior Court criminal case number 2006CMD027213 with unlawful possession of drug paraphernalia.

49.     Ms. Howard's arrest on December 6, 2006, occurred after she had been charged on

-13-

September 25, 2006, with unlawful possession of cocaine in Superior Court criminal case number 2006CMD21114. The Court adjudged Ms. Howard guilty of this offense on January 30, 2007, sentencing her to 180 days in jail, suspended during 18 months of probation. When arrested on December 6, 2006, Ms. Howard was on pre-trial release on condition that she remain away from the 2800 block of 20th Street, N.E., which is a short distance east of 1923 Rhode Island Avenue, N.E.

50.    Ms. Howard's December 2006 arrest at 1923 Rhode Island Avenue, N.E., also occurred after she had been convicted on April 15, 2004, for attempted unlawful distribution of cocaine in Superior Court criminal case number F-07594-03, for which she received a sentence of 60 months in prison, with 50 months suspended during a period of three years of probation. This conviction arose from an arrest on December 6, 2003, which occurred a block southwest of 1923 Rhode Island Avenue, N.E. Shortly thereafter, while on pre-trial release, Ms. Howard was arrested on December 20, 2003, in the 1800 block of Rhode Island Avenue, N.E., on charges of unlawfully distributing cocaine.

51.    Ms. Howard has five prior convictions and six other arrests in the District of Columbia for offenses involving prostitution. Two convictions and two other arrests were based on events occurring within two blocks of 1923 Rhode Island Avenue, N.E.

## SEARCH WARRANT EXECUTED APRIL 20, 2007

52.    On April 17, 2007, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E. The affidavit in support of the application for the warrant stated that a special police employee had personal knowledge that illegal drugs were being both sold and stashed at that address. The affidavit further described that the special police employee had bought suspected crack cocaine from a man inside the house at this address during a

police-supervised "controlled buy" that had occurred within the previous three days.

53.    Officers from MPD's Fifth District vice unit executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C., about 8:00 p.m. on Friday, April 20, 2007. Odell Hale, Johnnie Sistrunk, and Reginald Williams all were at the property at the time. Nine other persons were at the property as well.

**Charges against Resident Johnnie Sistrunk:**

54.    From a dresser in Mr. Sistrunk's downstairs basement bedroom, police seized a razor blade, loose tan rocks of crack cocaine, and a glass jar containing more crack. From this room, police also seized empty ziplock bags, a drug-smoking device, and a spoon, as well as mail addressed to Mr. Sistrunk at the address of 1923 Rhode Island Avenue, N.E.

55.    Police arrested Mr. Sistrunk, and the government charged him in Superior Court criminal case number 2007CMD009084 with unlawful possession of cocaine and unlawful possession of drug paraphernalia.

56.    Court documents show that this defendant Sistrunk is the same man charged with possession of cocaine in Superior Court after his arrests at 1923 Rhode Island Avenue, N.E., following the execution of a search warrants there in November and December 2006. Therefore, at the time of Mr. Sistrunk's arrest on new criminal charges on April 20, 2007, he was on pre-trial release for drug charges in Superior Court criminal case number 2006CMD027215, arising from the execution in December 2006 of a drug search warrant at the defendant property.

57    In a second basement bedroom, police found suspected crack cocaine in a dresser drawer, along with mail addressed to Ms. Cheryl Scott. Inside a pillow case on the room's bed, police found a straw containing ziplocks with suspected heroin powder. Police also seized a

-15-

cigarette box containing two glass smoking devices of a type used to consume illegal drugs. As a result, police arrested Ms. Scott, who was elsewhere in the house at the time, and she is charged in the Superior Court criminal case number 2007CMD009079 with unlawful possession of cocaine, unlawful possession of heroin, and unlawful possession of drug paraphernalia.

58.    When police officers first got to this second bedroom, they found a man sitting on the bed, Andrew Blocker. In his pocket, police found a loose pill whose markings identified it as containing a Schedule II opiate-derived controlled substance, oxycodone. As a result, Mr. Blocker now is charged in the Superior Court of the District of Columbia in criminal case number 2007CMD009086 with unlawful possession of cocaine, unlawful possession of heroin, and unlawful possession of drug paraphernalia. This is the same Andrew Blocker who police arrested on an outstanding escape during the execution of a search warrant at 1923 Rhode Island Avenue, N.E., in November 2006. On May 8, 2007, Mr. Blocker failed to appear in court at a hearing in criminal case 2007CMD009086, and a warrant issued for his arrest. He remained a fugitive on June 29, 2007.

59.    The first basement bedroom belongs to Mr. Sistrunk, and the second basement bedroom is Ms. Cheryl Scott's. At the time police executed the search warrant on April 20, 2007, two different, exceptionally graphic "hard-core," pornographic video-tape movies were playing on televisions in each of these two basement bedrooms.

60.    From a third basement bedroom, police seized mail addressed to Reginald Williams at 1923 Rhode Island Avenue, N.E., loose firearm ammunition, and a device known as a "livescan bracelet," similar to mechanisms used to monitor criminal defendants who have been released from custody while awaiting trial.

61.    When police executed the search warrant at 1923 Rhode Island Avenue, N.E., on

-16-

April 20, 2007, Mr. Williams had outstanding an arrest warrant for failing to appear in the Superior

Court in criminal case number 2006CMD27222. This case arose after his previous arrest in

December 2006 at 1923 Rhode Island Avenue, N.E., during execution of an earlier search warrant

there. Because of this outstanding warrant, police arrested Mr. Williams on April 20, 2007. Mr.

Williams eventually pled guilty in this case on May 1, 2007.

62.    During the course of executing the warrant at 1023 Rhode Island Avenue, N.E., on

April 20, 2007, an officer posted copies of a written notice at the front door and at the back door of

the house on the defendant property. The notice stated:

> "The property at 1923 Rhode Island, N.E., Washington, D.C., is a 'drug or
> prostitution-related nuisance' as defined in Title 42 of the District of Columbia Code,
> Section 3101.
>
> (1) The property at 1923 Rhode Island Avenue, N.E., has been used to commit or to
> facilitate the commission of a violation of the Controlled Substances Act, Title 21 of
> the United States Code, section 801, *et seq.* The property may be seized and
> forfeited, pursuant to 21 U.S.C. § 881.
>
> (2) The property and house at 1923 Rhode Island Avenue, N.E., is a nuisance and
> disorderly house that has been, and is being, resorted to by persons using controlled
> substances in violation of District of Columbia law for the purpose of using any of
> these substances or for the purpose of keeping or selling any of these substances in
> violation of District of Columbia law. This nuisance and disorderly house may be
> enjoined and abated, pursuant to D.C. Code §§ 22-2713-2720.
>
> (3) A drug or prostitution-related nuisance may be abated enjoined, or prevented,
> pursuant to D.C. Code 42-3102, *et seq.*"

63.    Additionally, a police officer handed Odell Hale personally a letter addressed to him,

which stated the same information. A police officer read the letter aloud to Mr. Hale, too. Mr. Hale

signed a copy of the letter as a receipt, which is in plaintiff's possession.

## SEARCH WARRANT EXECUTED MAY 25, 2007

64      On May 24, 2007, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E. The affidavit in support of the application for the warrant stated that a special police employee had personal knowledge that illegal drugs were being both sold at the defendant property. The affidavit further described that the special police employee had bought suspected crack cocaine from a person inside the house at this address during a police-supervised "controlled" buy.

65.      Police officers examined the crack cocaine purchased from 1923 Rhode Island Avenue, N.E., which led to the issuance of a narcotic search warrant on May 24, 2007. The officers found that it was "wet" and had an appearance and texture that is consistent with being very recently "cooked up." From this "wet" appearance, the officers inferred that this suspected crack cocaine must have been made from cocaine powder a very short time before it was sold at 1923 Rhode Island Avenue, N.E. Because newly "cooked" crack cocaine dries very quickly after being produced from cocaine powder, the officers believed either that the defendant property was being used to make crack cocaine or that a supplier must very recently have delivered crack to the premises. Either fact supports the inference that the defendant premises supports regular illegal sale of crack cocaine.

66.      Mr. Sistrunk was present at 1923 Rhode Island Avenue, N.E., during the illegal crack sale that led on May 24, 2007, to the issuance of a search warrant for the defendant property.

67.      Officers from MPD's Fifth District vice unit executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C., about 8:00 p.m. on Friday, May 25, 2007. Although Mr. Hale and Mr. Sistrunk were not present at the defendant property when police executed the warrant, Reginald Williams and at least three other persons were there.

**Charges against Odell Hale**:

68.     In Mr. Hale's bedroom, police found in a dresser drawer an electronic scale of a type associated with measuring out amounts of illegal drugs for sale. Because Mr. Hale was not at home at the time of executing the search warrant, an officer applied for a warrant to arrest Mr. Hale for unlawful possession of drug paraphernalia, which a Superior Court judge issued. Police arrested Mr. Hale on May 30, 2001, and he was charged with this offense in Superior Court case 2007CMD12487, which now is pending trial in September 2007.

**Charges against Resident Johnnie Sistrunk**:

69.     In Mr. Sistrunk's bedroom, police found two "crack pipes," one on a dresser and one in a window sill. Because Mr. Sistrunk was not at home at the time of executing the search warrant, an officer applied for a warrant to arrest Mr. Sistrunk for unlawful possession of drug paraphernalia, which a Superior Court judge issued. Police arrested Mr. Sistrunk on about May 31, 2001, and he was charged with this offense in Superior Court criminal case number 2007CMD12535, which is pending trial in August 2007. When arrested, Mr. Sistrunk was on release pending trial in the Superior Court in criminal case number 2007CMD9084 and in case criminal case number 2006CMD027215, and was in violation of his bail.

**Charges against Resident Reginald Williams**:

70.     In Mr. Williams's basement bedroom area, police found a ziplock stamped with yellow dragons, which had in it a white powder containing an opiate, suspected to be heroin. Additionally, police seized from Mr. Williams's bedroom area: (1) a round of ammunition from a bin near the washing machine; (2) a piece of glass with a razor on it, items commonly used together to measure out amounts of cocaine or heroin; (3) empty ziplocks, "push rods," copper wadding, and

-19-

a home-made crack pipe from inside a dresser; and (4) a home-made crack pipe on top of a pile of clothes. As a result, police arrested Reginald Williams, and he has been charged with unlawful possession of heroin and unlawful possession of drug paraphernalia in Superior Court criminal case number 2007CMD012100. Trial in this matter is set in August 2007.

71.    The real property and house at 1923 Rhode Island Avenue, N.E., have been used to sell and possess unlawful drugs often, have been resorted to by drug users and prostitutes for illicit purposes repeatedly, and have been the site of disorderly and illegal activities regularly, including violence. For many years, law enforcement officers have undertaken to curb this abuse and nuisance at the defendant property, including executing four search warrant raids in about six months, and arresting those committing illegal acts. Following such incidents, the persons arrested have returned to the property but failed to return to court as required or otherwise shown their contempt for their legal duties and lawful authority. The property owner, Odell Hale, has been present on many occasions when police executed search warrants or made arrests and has been arrested himself. In April 2007, Mr. Hale was on pre-trial release in the Superior Court on a felony drug charge, but while on release permitted the defendant property to be used to sell drugs, and this led a Superior Court judge to issue a warrant to search the property for drugs and seize them. Mr. Hale received direct notice in writing of the possibility of the forfeiture of his property and the abatement of the drug and prostitution-related nuisance there. Notice of this possibility also physically was posted in writing on the property. Thereafter, in May 2007, while Mr. Hale still was on pre-trial release, his property again was used to sell crack cocaine, which led a Superior Court Judge to issue the sixth search warrant for the defendant property since the year 2000 to search the property for drugs, the fourth since November 2006. Standard law enforcement techniques have not sufficed to cause Mr.

Hale to stop using, and allowing, the defendant property to be used unlawfully.

## COUNT ONE

1.    The factual statements made in paragraphs 1 through 71 are re-alleged and incorporated by reference herein.

2.    The defendant property has been used and is being used, or was and is intended to be used, in any manner or part, to commit, or to facilitate the commission of an offense punishable by more than one year's imprisonment in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, including violations of 21 U.S.C. §§ 841(a)(1), 856(a), and 860(a).

3.    The defendant property is therefore subject to seizure and forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 985(d).

## COUNT TWO

1.    The factual statements made in paragraphs 1 through 71 are re-alleged and incorporated by reference herein.

2.    The defendant property is a nuisance and disorderly house, pursuant to D.C. Code § 22-2713, and plaintiff is entitled in law and equity to have the nuisance and disorderly house perpetually enjoined and to an order of abatement.

## COUNT THREE

1.      The factual statements made in paragraphs 1 through 71 are re-alleged and incorporated by reference herein.

2.      The defendant property is a drug or prostitution-related nuisance, pursuant to D.C. Code 42-3101(5), and plaintiff is entitled in law and equity to have the drug-related nuisance abated, enjoined, and prevented, and to an award of money damages until such time as the drug-related nuisance has been abated, enjoined, and prevented.

*WHEREFORE*, **the plaintiff prays that**:

A.      As to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America;

B.      That this Court determine that there is probable cause for the defendant property's forfeiture and that there are exigent circumstances that permit the Government to seize the property before entry of a judgment of forfeiture, pursuant to authority in 18 U.S.C. § 985(d)(1), following a hearing, and so issue a warrant for the seizure of the defendant property and issue any necessary writs of entry to effect the seizure and for plaintiff to take custody, control, and possession of the property, its appurtenances, fixtures, and equipment;

C.      Pursuant to D.C. Code §§ 22-2714, 22-2717, and 42-3110, that this Court find and declare that a drug or prostitution-related nuisance and disorderly house exists on the property, building, and ground at 1923 Rhode Island, N.E., Washington, D.C., and issue an order to abate and perpetually enjoin this drug or prostitution-related nuisance and disorderly house at 1923 Rhode

Island Avenue, N.E., Washington, D.C., the person or persons conducting or maintaining the same, and the owner or agent of the building or ground upon which said drug or prostitution-related nuisance and disorderly house exists;

D.    That this Court immediately entertain this application for an order to abate, prevent, and enjoin the drug or prostitution-related nuisance and disorderly house at 1923 Rhode Island Avenue, N.E., and convene a hearing on this application and to consider a preliminary order upon three days notice to defendant and within ten business days of the filing of this action, pursuant to D.C. Code §§ 22-2714 and D.C. Code 42-3104.

E.    For any and all other relief provided by law or in equity, including money damages, and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/ _____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610

_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301

/s/ _____
BARRY WIEGAND,
Assistant United States Attorney
District of Columbia Bar No. 424288
555 4th St., N.W., Room 4818
Washington, D.C. 20530
(202) 307-0299

-23-

## **VERIFICATION**

I, Jeffrey Maslona, a sworn officer of the Metropolitan Police Department in Washington, D.C., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this  5th  day of July, 2007.

Jeffrey Maslona
Officer,
Metropolitan Police Department

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS Property Identified As 1923 Rhode Island Avenue, N.E., Washington, DC and Odell Hale |
|---|---|

**I. (a) PLAINTIFFS**
United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Property Identified As 1923 Rhode Island Avenue, N.E., Washington, DC and Odell Hale

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barry Wiegand     (202) 307-0299
Assistant U.S. Attorney
555 4th Street, NW, Room 4818
Washington, DC 20530

Case: 1:07-cv-01211
Assigned To : Friedman, Paul L.
Assign. Date : 7/5/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ⊗ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

**⊗ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>⊗ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ **G. Habeas Corpus/** 2255 | □ **H. Employment Discrimination** | □ **I. FOIA/PRIVACY ACT** | □ **J. Student Loan** |
|---|---|---|---|
| □ **530 Habeas Corpus-General** □ **510 Motion/Vacate Sentence** | □ **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** *(If pro se, select this deck)* | □ **895 Freedom of Information Act** □ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | □ **152 Recovery of Defaulted Student Loans (excluding veterans)** |
| □ **K. Labor/ERISA (non-employment)** | □ **L. Other Civil Rights (non-employment)** | □ **M. Contract** | □ **N. Three-Judge Court** |
| □ **710 Fair Labor Standards Act** □ **720 Labor/Mgmt. Relations** □ **730 Labor/Mgmt. Reporting & Disclosure Act** □ **740 Labor Railway Act** □ **790 Other Labor Litigation** □ **791 Empl. Ret. Inc. Security Act** | □ **441 Voting (if not Voting Rights Act)** □ **443 Housing/Accommodations** □ **444 Welfare** □ **440 Other Civil Rights** □ **445 American w/Disabilities-Employment** □ **446 Americans w/Disabilities-Other** | □ **110 Insurance** □ **120 Marine** □ **130 Miller Act** □ **140 Negotiable Instrument** □ **150 Recovery of Overpayment & Enforcement of Judgment** □ **153 Recovery of Overpayment of Veteran's Benefits** □ **160 Stockholder's Suits** □ **190 Other Contracts** □ **195 Contract Product Liability** □ **196 Franchise** | □ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
21 U.S.C. §881(a)(7), forfeiture of all real property,...which is used to commit or to facilitate a violation of the Controlled Substances Act, codified at 21 U.S.C. §801 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** □ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) □ YES ☒ NO   If yes, please complete related case form.

DATE 7-5-07   SIGNATURE OF ATTORNEY OF RECORD   *Barry Wiegand*
BARRY WIEGAND
ASSISTANT U.S. ATTORNEY

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.