# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Civil Action No. 07-1211 (PLF)** |
| **555 Fourth St., N.W.** | ) | |
| **Washington, D.C.  20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **PROPERTY IDENTIFIED AS** | ) | |
| **1923 RHODE ISLAND AVENUE,** | ) | |
| **NORTHEAST, WASHINGTON, D.C.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ODELL HALE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO CONVENE HEARING ON PRE-JUDGMENT SEIZURE OF PROPERTY, ON EXISTENCE OF NUISANCE, AND PRAYER FOR PRELIMINARY ORDER TO ABATE AND ENJOIN

***COMES NOW***, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to move this Court to convene a hearing to consider the pre-judgment seizure of the defendant property and the existence of a disorderly house and drug or prostitution-related public nuisance at the property, and for a preliminary order to abate, enjoin, and prevent this nuisance.  In support of its motion, plaintiff respectfully submits as follows:

1.     On July 5, 2007, plaintiff United States filed a verified complaint to commence a civil forfeiture action *in rem* against the defendant real property at 1923 Rhode Island, N.E., Washington, D.C., pursuant to 21 U.S.C. § 881(a)(7).  Under jurisdiction authorized in 28 U.S.C.

§ 1967, plaintiff has joined to this forfeiture action two counts seeking to abate, enjoin, and prevent a disorderly house and drug or prostitution-related nuisance under District of Columbia Code §§ 22-2713 through 22-2720 and D.C. Code §§ 42-3101, *et seq*.  Defendant Odell Hale and Margaret C. Hale are named in a Record of Title as the defendant property's owners.  Odell Hale resides at the property.  Upon information and belief, plaintiff avers that Margaret C. Hale does not reside at the defendant property, but is a resident of the District of Columbia at another address.  Attached to this motion is an affidavit from a sworn police officer of the Metropolitan Police Department setting forth facts concerning the existence of a nuisance and disorderly house at the property, as well as the grounds for its forfeiture.

2.     Pursuant to 18 U.S.C. § 985(d)(1)(A), the government respectfully notifies the Court that it seeks to seize the defendant property before trial.  Additionally, pursuant to D.C. Code § 22-2714, and D.C. Code § 42-3104, plaintiff respectfully prays this Court for a preliminary order to abate, enjoin, and prevent this disorderly house and nuisance. Therefore, plaintiff moves for a consolidated hearing to consider the pre-judgment seizure of the defendant property and the existence of a disorderly house and drug or prostitution-related public nuisance at the property, and for an order to abate, enjoin, and prevent this nuisance.  D.C. Code § 22-2714 requires three days notice to a defendant of a hearing on the existence of a nuisance and a claim for a preliminary order to abate and enjoin the nuisance, and D.C. Code § 42-3104(a) requires that within ten days of notice to defendant of the filing of an anti-nuisance complaint that a hearing be held on a preliminary order to abate, enjoin, or prevent a nuisance.

4.     Therefore, plaintiff moves this Court to hold a consolidated hearing within ten days of notice of such to Mr. Odell Hale to meet the requirements of the three statutes.  Notice also should be provided to Ms. Margaret C. Hale, although she is not a defendant in this action.

Plaintiff is aware of how to supply Ms. Hale notice and will undertake to do so.

4.    Plaintiff has been unable to determine what position any opposing counsel will take on this motion.  A draft of an order granting this motion is attached.  With this motion, plaintiff has attached a Memorandum of Points and Authorities in favor of granting this motion.

**WHEREFORE**, plaintiff respectfully prays that this Honorable Court convene a hearing to consider the pre-judgment seizure of the defendant property and the existence of a disorderly house and drug or prostitution-related public nuisance at the property, and for an order to abate, enjoin, and prevent this nuisance.

Respectfully submitted,


_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301


_/s/_____
BARRY WIEGAND
Assistant  United States Attorney
District of Columbia Bar No. 424288
555 4th St., N.W., Room 4818
Washington, D.C. 20530
(202) 307-0299

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Civil Action No. 07-1211 (PLF)** |
|     **555 Fourth St., N.W.** | ) | |
|     **Washington, D.C.  20530** | ) | |
| | ) | |
|                  **Plaintiff,** | ) | |
| | ) | |
| | ) | |
|        **v.** | ) | |
| | ) | |
| | ) | |
| **PROPERTY IDENTIFIED AS** | ) | |
| **1923 RHODE ISLAND AVENUE,** | ) | |
| **NORTHEAST, WASHINGTON, D.C.,** | ) | |
| | ) | |
|     **and** | ) | |
| | ) | |
| **ODELL HALE,** | ) | |
| | ) | |
|               **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT**

**PLAINTIFF'S MOTION TO CONVENE CONSOLIDATED HEARING**

*COMES NOW*, plaintiff United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, respectfully to file this Memorandum of

Points and Authorities in support of plaintiff's motion to convene a hearing to consider the pre-

judgment seizure of the defendant property and the existence of a disorderly house and drug or

prostitution-related public nuisance at the property, and for a preliminary order to abate, enjoin,

and prevent this nuisance.

**BACKGROUND**

1.      Plaintiff United States filed on July 5, 2007, a verified complaint to commence a

civil forfeiture action *in rem* against the defendant real property commonly known by its address

at 1923 Rhode Island, N.E., Washington, D.C., pursuant to 21 U.S.C. § 881(a)(7).  This section

provides for the forfeiture of all real property, including any right, title, and interest, in the whole

of any lot or tract of land and any appurtenances or improvements, which is used, or intended to

be used, in any manner or part, to commit, or to facilitate the commission of, a violation,

punishable by more than one year's imprisonment, of Title II of Pub.L. 91-513, popularly known

as the Controlled Substances Act, as amended, codified at 21 U.S.C. §§ 801, *et seq.*   Under

jurisdiction authorized in 28 U.S.C. § 1967, plaintiff also has joined to this civil forfeiture action

two counts sounding in drug-house nuisance-abatement under District of Columbia Code §§ 22-

2713 through 22-2720 and D.C. Code §§ 42-3101, *et seq*.

   2.  The seizure of real property subject to forfeiture is governed by 18 U.S.C.

985(d)(1).  This section requires the Government to notify the court that it intends to seize the

property before trial.  The Court may then issue a seizure warrant *ex parte* upon a showing of

exigent circumstances, or it may authorize the seizure after a hearing for which the property

owner receives notice and has an opportunity to be heard.  See 18 U.S.C. § 985(d)(1)(B).

Further, under D.C. Code § 22-2714, when the government brings an action to abate and enjoin a

nuisance, the Court shall:

> allow a temporary writ of injunction, without bond, if [the
> nuisance's existence] shall be made to appear to the satisfaction of
> the court or judge by evidence in the form of affidavits . . . .  Three
> days notice, in writing, shall be given the defendant of the hearing
> of the application, and if then continued at his instance the writ as
> prayed shall be granted as a matter of course.

Similarly, D.C. Code § 42-3104 states:

> Upon the filing of a complaint to abate the drug or prostitution-
> related nuisance, the court shall hold a hearing on the motion for a
> preliminary injunction, within 10 business days of the filing of
> such action.

3.     When filing its complaint for forfeiture and to abate, enjoin, and prevent a disorderly house and drug or-prostitution nuisance on July 12, 2007,  the government elected not to seek an *ex parte* seizure warrant.  Rather, the government now has respectfully notified the Court that it seeks a warrant to seize the property at 1923 Rhode Island Avenue, N.E., and asks the Court to convene a hearing on this request with notice to the property owner.  The government also seeks a hearing to consider a preliminary order to abate this nuisance and disorderly house.  Attached to this motion, the government has appended an affidavit setting forth facts to show that the property is subject to forfeiture and constitutes a disorderly house and nuisance.  This affidavit describes at length a history of police action at the defendant property.

4.     The affidavit shows that law enforcement agencies including the Metropolitan Police Department and the U.S. Attorney's Office have acted regularly during the past seven years to prevent the continued unlawful use of the property at 1923 Rhode Island Avenue, N.E. Most recently, this has included the execution of a drug search warrant on Friday, May 25, 2007, which was the sixth time since 2000 that police have executed such a search warrant at the property.  Indeed, it was the fourth occasion in the past seven months.  During the execution of each of these search warrants, police have seized illegally possessed drug contraband and arrested one or more persons for violating laws against unlawful drug possession.  Often, police have arrested persons who were on pre-trial release in other cases, some of them arising from the execution of earlier drug search warrants at this property.  Some persons arrested have had outstanding warrants based on failing to honor their court obligations or were on probation for earlier criminal convictions.  In addition to evidence of drug sales and use, police also have found evidence that acts of prostitution were to be committed in exchange for illegal drugs.  The affidavit makes clear that the owner-occupant of the property, Mr. Odell Hale, has continued to

allow the property to be used illegally to store, consume, and distribute drugs, even after his multiple arrests related to this activity. This is in contravention of his promises to judicial officers that he would refrain from such activity while on pretrial release and probation for having engaged in such activity. Thus, there are no measures less restrictive than a pre-trial seizure to prevent the property's continued unlawful use. The affidavit also makes clear that the property at 1923 Rhode Island Avenue, N.E., Washington, D.C., is a nuisance and a disorderly house, subject to a preliminary order of abatement.

## APPLICABLE LAW

### *Federal Forfeiture Law*:

5.      Title 18 of the U.S. Code, Sections 985(d) and 985(e), authorize a pre-forfeiture-judgment seizure of real property. Congress enacted these sections in the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), and they effectively codified the Supreme Court's decision in United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993) (in civil forfeiture action, real property may be seized at commencement of action under exigent circumstances when government can show that no less restrictive measures suffice to prevent property's continued unlawful use). See United States v. Bowman, 341 F.3d 1228, 1232-1234 (11th Cir. 2003). Seizure of real property may occur before entry of an order of forfeiture if

> (A) the Government notifies the court that it intends to seize the property before trial; and
>
> (B) the court –
>
>> (i) issues a notice of application for warrant, causes the notice to be served on the property owner and posted on the property, and conducts a hearing in which the property owner has a meaningful opportunity to be heard; or
>>
>> (ii) makes an *ex parte* determination that

there is probable cause for the forfeiture and that
there are exigent circumstances that permit the
Government to seize the property without prior
notice and an opportunity for the property owner to
be heard.

(2) For purposes of paragraph (1)(B)(ii), to establish exigent circumstances, the
Government shall show that less restrictive measures such as a *lis pendens*,
restraining order, or bond would not suffice to protect the Government's interests
in preventing the sale, destruction, *or continued unlawful use of the real property*.

(Emphasis added.)

6.    Since Congress enacted the CAFRA amendments in 2000, few Courts have

published opinions about the pre-judgment seizure of real property subject to forfeiture.  In

United States v. Certain Property Located at 263 Weatherbrook Lane, Annistson, Alabama,

known as "The Platinum Club", 202 F.Supp. 2d 1275 (N.D. Ala. 2002), the Court stated that:

under § 985(d), if there has been prior notice to the property owner
of the warrant application, the Government is entitled to a warrant
for seizure of real property upon a showing of probable cause to
believe that the property is subject to forfeiture; if there has not
been prior notice, then the Government must make an additional
showing of exigent circumstances.

Id. at 1277.  The "Platinum Club" decision also deemed hearsay admissible at a hearing on

whether a seizure warrant should issue.  Id. at 1277-1278.  In what appears to be the only post-

CAFRA appellate decision about seizing real property before judgment in a forfeiture case, the

Eleventh Circuit dismissed an appeal from the District Court's "Platinum Club" ruling.  See

Bowman, supra, 341 F.3d at 1237-1238.  Bowman affirmed that the government has the burden

of proving probable cause to believe that the property is subject to forfeiture in order to obtain a

warrant for its pre-judgment seizure.  Even before CAFRA, in the District of Columbia, this

Court had few occasions to consider the issuance of a seizure warrant for a drug-house property

used to commit narcotic crimes.  Judge Urbina's decision in United States v. Property Identified

as 410 11th Street, N.E. Unit Number 23 Washington, D.C., 903 F.Supp. 158 (D.D.C. 1995),

upheld the *ex parte* issuance of a seizure warrant in a similar anti-crackhouse case, finding that

the government had proved that exigent circumstances justified seizing the property before entry

of a judgment for its forfeiture. Id. at 160. This case never resulted in an appellate ruling. In

this case, the government submits that exigent circumstances would have supported the *ex parte*

issuance of a seizure warrant without a hearing. But, because a post-seizure hearing still would

be required under federal law, and because D.C. nuisance law requires a hearing on issuance of a

preliminary abatement order, the government has elected to pursue the property's pre-trial

seizure in a consolidated fashion.

### *District of Columbia drug or prostitution-related nuisance abatement*:

7.      In the second-half of the 1990s, the District of Columbia Council repeatedly

enacted laws to expand the powers of the government and citizens to abate drug-related

nuisances. To this end, the Council expanded the reach of an existing prostitution-related, anti-

nuisance statute, known as the Kenyon Act, so that it could be used to abate and enjoin drug-

related nuisances. Specifically, in the Drug House Abatement Amendment Act of 1998, D.C.

Law 12-127, the Council added to D.C. Code § 22-2713 a new subsection (b) declaring to be a

nuisance and disorderly house any building or place "which is resorted to by persons using

controlled substances" illegally or "for the purposes of keeping or selling these controlled

substances" illegally. D.C. Code § 22-2713(b). This law extended to drug-houses the equitable

remedies found in the Kenyon Act, which Congress had passed in 1914 to abate and enjoin

prostitution-related nuisances in the District of Columbia. As amended, the law authorizes the

government to bring a special summary action in equity to enjoin perpetually and abate certain

drug-house nuisances:

> In such an action the court . . . shall, upon the presentation of a petition [] alleging that the nuisance complained of exists, allow a temporary writ of injunction, without a bond, if it shall be made to appear . . . by evidence in the form of affidavits, depositions, oral testimony, or otherwise . . . . Three days notice, in writing, shall be given the defendant of the hearing of the application, and if then continued at his instance the writ as prayed shall be granted as a matter of course.[1]

D.C. Code § 22-2714. Upon proof of the existence of a nuisance, the statute requires an order of abatement which:

> shall direct the removal from the building or place all fixtures, furniture, musical instruments, or movable property used in conducting the nuisance . . . and the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of 1 year, unless sooner released.

D.C. Code § 22-2717; see Holmes v. United States, 50 App. D.C. 147, 148-149 269 F. 489, 490-491 (D.C. Cir. 1920).[2]

----

[1] In 1914, Congress passed the Kenyon Act, 38 Stat. 280 ch. 16, §§ 1-9, codified at D.C. Code §§ 22-2713, et seq. See United States v. Wade, 332 U.S. App. D.C. 20, 22-23, 152 F.3d 969, 971-972 (D.C. Cir. 1998). Wade overturned a drug-house abatement order, which had issued before the Council had amended D.C. Code § 22-2713 explicitly to apply the Kenyon Act's anti-prostitution remedies to drug-houses. See United States v. Wade, 93 F.Supp. 2d 19, 23 (D.D.C. 2000), aff'd, 357 U.S. App. D.C. 105, 255 F.3d 833 (D.C. Cir. 2001).

[2] Holmes appears to be the only reported decision in which the government brought a civil action under the Kenyon Act's nuisance abatement provisions. The Kenyon Act requires the abatement of a nuisance if its existence is proved either in an equitable action under D.C. Code § 22-2713 to § 22-2720, or in a criminal proceeding. See Raleigh v. United States, 351 A.2d 510, 513 (D.C. App. 1976). The usual criminal proceeding during which the existence of such a nuisance is proved is a prosecution for a violation of D.C. Code § 22-2722, which proscribes keeping bawdy or disorderly houses. See United States v. Wade, 992 F. Supp. 6, 13-15 (D.D.C. 1997), rev'd on other grounds, 332 U.S. App. D.C. 20, 152 F.3d 969 (D.C.Cir. 1998).

Judge Lamberth's Wade opinion is the most comprehensive examination of the Kenyon Act's civil and criminal provisions for abating nuisances. In Wade, the government argued that, under District of Columbia common law, the Kenyon Act's provisions reached nuisances that were drug-related disorderly houses, as well as nuisances that were prostitution-related, which the act specifically mentioned. On review the U.S. Court of Appeals limited the Kenyon Act's – as then written – to prostitution nuisances, but the District of Columbia Council thereafter amended the

10.    The Kenyon Act's "purpose is to abate a nuisance, not to punish the crime of maintaining it." Graul v. United States, 47 App. D.C. 543, 545 (D.C. Cir. 1918) (referring to statute later codified at D.C. Code § 22-2713 to § 22-2720 and amended to reach drug nuisances in addition to bawdy houses). The civil abatement provision authorizes "a proceeding against the property used for forbidden purposes, while the [separate criminal law against keeping a disorderly house] is for the punishment of the offender." Id. at 545-546 (citing Mugler v. Kansas, 123 U.S. 623, 671, 672 (1887) (construing similar Kansas statute authorizing both civil action to abate nuisance and criminal prosecution)); see also Grosfield v. United States, 276 U.S. 494, 497-498 (1928) (statute authorizing abatement and injunction against occupancy and use is not punitive, but preventive – "prohibition" case founded upon nearly identical statutory scheme for abating premises where liquor was illegally made, sold, kept, or bartered); Hill v. United States, 59 App. D.C. 381, 382, 44 F.2d 889, 890 (D.C. Cir. 1930) (abatement action is in nature of proceeding *in rem* to restrain and prevent further unlawful use of premises – "prohibition" case). "The criminal action punishes for what has been done. The equity proceeding looks to future conduct." Graul, supra, 47 U.S. App. D.C. at 546.

11.    An order of abatement is not an unconstitutional taking of property without compensation, given a showing that the owner knew or had reason to know of the illegal acts taking place at the disorderly house. See Holmes, supra, 50 App. D.C. at 148-149 269 F. at 490-491. A disorderly house is a nuisance *per se*, and a finding of its existence requires the Court to issue an order of abatement. See Raleigh v. United States, 351 A.2d 510, 513-514 (D.C. App. 1976); see also Grosfield, supra, 276 U.S. at 498 (in "prohibition" case, owner's assertion that he

statute explicitly to extend the Kenyon Act's abatement provisions to drug-related nuisances and disorderly houses. As a result, Judge Lamberth's Wade opinion remains instructive.

did not participate in tenant's illegal act did not defeat abatement, and abatement decree may be entered, if evidence of past illegal use furnishes reasonable ground for apprehending repetition of illegal use).

12.    In addition to amending the Kenyon Act, the District of Columbia Council also enacted a comprehensive, general anti-drug nuisance law in the Drug-Related Nuisance Abatement Act of 1998, D.C. Law 12-194, which now is codified at D.C. Code §§ 42-3101, *et seq.*  This law authorizes an action "to abate, enjoin, and prevent" a drug nuisance.  D.C. Code § 42-3102 (2001 ed.).  D.C. Code § 42-3104 states:

> Upon the filing of a complaint to abate the drug or prostitution-related nuisance, the court shall hold a hearing on the motion for a preliminary injunction, within 10 business days of the filing of such action.  If it appears, by affidavit or otherwise, that there is a substantial likelihood that the plaintiff will be able to prove at trial that a drug or prostitution-related nuisance exists, the court may enter an order preliminarily enjoining the drug or prostitution-related nuisance and granting such other relief as the court may deem appropriate . . .   A plaintiff need not prove irreparable harm to obtain a preliminary injunction.  Where appropriate, the court may order a trial of the action on the merits to be advanced and consolidated with the hearing on the motion for preliminary injunction.[3]

14.    Evidence of a property's reputation is admissible to prove that it is a drug-related

---

[3]  This law originally was codified at D.C. Code §§ 45-3301 (1981 ed.).  Ironically, in light of the Council's 1998 action expanding the prostitution-related law in D.C. Code § 22-2713 to include drug nuisances, in 2006, the Council amended the comprehensive anti-drug-nuisance law in D.C. Code §§ 42-3101, *et seq.* (2001 ed.), so that its anti-drug-house remedies reached prostitution-related nuisances.  See D.C. Law 16-81, the Nuisance Abatement Reform Act of 2006.

Additionally, the Council had enacted in 1990 an anti-drug-nuisance measure directed at rental properties, particularly apartments, in the Residential Drug-Related Evictions Act of 1990, D.C. 8-139.  The Council amended this law in 1996 and 1998.  See Abatement of Controlled Dangerous Substances Nuisance Amendment Act of 1996, D.C. Law 11-176, and the temporary amendment act of 1998, Law 12-158, then codified at D.C. 45-2559.1 (1981 ed.).  The Act expired in June 2000.  Thereafter, the Council enacted much the same law in, now codified at D.C. Code §§ 42-3601, *et seq.* (2001 ed.).

or prostitution nuisance, and the burden of proof is a preponderance of the evidence.  See D.C.

Code § 42-3108; see also D.C. Code § 22-2715 (under the Kenyon Act's nuisance-abatement

provisions, "evidence of general reputation of the place shall be admissible for the purpose of

proving the existence" of a nuisance").  There does not appear to be any published decisions

construing this anti-nuisance law.

      *WHEREFORE*, plaintiff respectfully prays that, upon the points and authorities shown

herein, this Honorable Court grant the motion to convene a hearing to consider the pre-judgment

seizure of the defendant property and the existence of a disorderly house and drug or

prostitution-related public nuisance at the property, and for a preliminary order to abate, enjoin,

and prevent this nuisance.

                                     Respectfully submitted,


                                     _/s/_____
                                     JEFFREY TAYLOR
                                     UNITED STATES ATTORNEY
                                     District of Columbia Bar No. 498610


                                     _/s/_____
                                     WILLIAM R. COWDEN
                                     Assistant United States Attorney
                                     District of Columbia Bar No. 426301


                                     _/s/_____
                                     BARRY WIEGAND,
                                     Assistant  United States Attorney
                                     District of Columbia Bar No. 424288
                                     555 4th St., N.W., Room 4818
                                     Washington, D.C. 20530
                                     (202) 307-0299

# AFFIDAVIT IN SUPPORT OF MOTION FOR PRE-FORFEITURE SEIZURE OF PROPERTY AND FOR PRELIMINARY ORDER TO ABATE, ENJOIN, AND PREVENT NUISANCE AT 1923 RHODE ISLAND AVENUE, NORTHEAST, WASHINGTON, D.C.

This affidavit is submitted in support of a motion for a warrant to seize real property before entry of an order of forfeiture and for a preliminary order to abate, enjoin, and prevent a disorderly house and drug or prostitution-related nuisance at 1923 Rhode Island Avenue, N.E., Washington, D.C. The United States government has commenced a civil action involving this property, <u>United States</u> v. <u>Property Known as 1923 Rhode Island Avenue, N.E.,</u> Civ. Act. No. 07-1211 (PLF).

The affiant is Jeffrey Maslona, a sworn officer of the Metropolitan Police Department (MPD) in Washington, D.C. I am now assigned to the vice unit at MPD's Fifth District, which encompasses the 1900 block of Rhode Island Avenue, N.E. I have been a police officer since 1999. For the past several years, my police duties have focussed on enforcing criminal laws against the unlawful possession and distribution of controlled substances, including cocaine, heroin, marijuana, and other illegal drugs. During the course of my career, I have taken part in serving dozens of search warrants for illegal drugs and firearms, among other items. I also have arrested scores of persons for violation of drug-related criminal laws, and I regularly have interviewed or investigated persons engaged in unlawful drug-trafficking. I have significant special training and experience in enforcing federal and District of Columbia vice, drug, and firearm laws.

On July 5, 2007, the United States government filed a complaint for forfeiture of the real property and improvements located at the address of 1923 Rhode Island Avenue, N.E., and seeking to abate, enjoin, and prevent the drug or prostitution nuisance at the property. Additionally, under 18 U.S.C. § 985(d)(1), the government is moving to seize this property before entry of an order of forfeiture. The government also is seeking a preliminary order to abate, enjoin, and prevent the disorderly house and nuisance there, pursuant to D.C. Code §§ 22-713 & 22-2714, and D.C. Code § 42-3104. The facts contained in this affidavit are set forth to show that the property is being used to facilitate felony crimes in violation of the Controlled Substances Act, Title 21, United States Code, Sections 801, *et seq.,* including violations of 21 U.S.C. § 841(a) (unlawful distribution or possession with intent to distribute of controlled substances), § 856 (unlawful maintenance of drug-involved premises) and § 860 (violations of §§ 841 and 856 within 1000 feet of a school) with the knowledge and consent of the owner of the property. These make the property subject to forfeiture. Additionally, the facts stated in this affidavit show that there is a disorderly house and drug or prostitution-related nuisance at this property, which subjects it to being enjoined, abated, and prevented under D.C. Code §§ 22-2713 through 22-2720, and D.C. Code § 42-3101 *et seq.*

I know the information in this affidavit through first-hand observation and investigation, or I learned it from other sworn police officers or written police documents. I have learned some of the information reading documents in the custody of the Office of the U.S. Attorney for the District of Columbia. Whenever I refer to suspected cocaine or heroin in this affidavit, I mean a substance that was subjected to a field-test whose resulted showed that the substance had cocaine or an opiate in it. Because of the purpose for which I am submitting this affidavit, I am not including all of the

-1-

In Reference to:
Civil Action No. 07-1211(PLF)
Property Identified as
 1923 Rhode Island Avenue, N.E.
Washington, D.C.

information I have learned in the course of my investigation.

## INTRODUCTION AND BACKGROUND

On July 5, 2007, the U.S. Attorney for the District of Columbia filed a civil action against this property seeking its forfeiture and to abate, enjoin, and prevent the disorderly house and drug or prostitution-related public nuisance being kept there. This civil action was brought under forfeiture authority set forth in Title 21 of the United States Code, Section 881(a)(7) (forfeiture of real property used to facilitate the commission of a felony narcotic crime). It also was brought under nuisance-abatement authority set forth in Title 22 of the District of Columbia Code, Sections 2713-2720 (abatement and injunction of nuisance involving the keeping of bawdy or disorderly drug house), and Title 42 of the District of Columbia Code, Section 3101 *et seq.* (abatement, injunction, and prevention of drug or prostitution-related nuisance).

Earlier this year, Slugg & Associates, PLC, prepared a Report of Title to this property, commonly known as 1923 Rhode Island Avenue, N.E., Washington, D.C. 20018. That report stated that fee simple title of record to the property is vested in the name of Odell Hale and Margaret C. Hale, based upon deed dated in December 1968 and recorded in April 1969 in District of Columbia land records. The report showed a Deed of Trust by Odell Hale and Margaret C. Hale, securing Suburban Trust Company, in the amount of $8,206.34, dated May 4, 1978, and recorded August 3, 1978. My investigations shows that Odell Hale and Margaret C. Hale were husband and wife when they bought property. I know Odell Hale now lives at the property and has done so since before the year 2000. I have encountered Odell Hale at the property many times during the past year. In the year 2000, Mr. Hale described Margaret Hale as his "ex-wife." I also have spoken with Margaret C. Hale at her home, which is not at 1923 Rhode Island Avenue, N.E. From my investigation, I conclude that Odell and Margaret Hale are separated and either legally or effectively divorced. Margaret Hale has indicated that she does not live at or control the property at 1923 Rhode Island Avenue, N.E.

I am familiar with this property, having been to it many times. It lies between the Brookland and Woodridge neighborhoods of northeast Washington, D.C., north of Langdon Park. The property's house is a greyish-white detached, Cape-Cod or rambler-style building, which is the middle of three on the south side of the 1900 block of Rhode Island Avenue, N.E. West of these three homes on the same side of the street is a building used for religious purposes, styled the International House of Prayer for All People. At the corner of 18 th Street & Rhode Island Avenue, N.E., is a District of Columbia Public Library.

Behind the Hale house's fenced back yard is a narrow alley, which runs to 20 th Street, N.E. Beyond the alley's east end, directly across 20th Street, N.E., is a street that dead ends into a fence at the grounds of the St. Frances de Sales Roman Catholic grammar school. This school and its grounds are much closer than 1000 feet of the property at 1923 Rhode Island Avenue, N.E. The St. Frances de Sales parish church is at 2015 Rhode Island Avenue, N.E., and its grammar school's address is xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx.

**SUMMARY**

Since at least April 2000, the house and property at 1923 Rhode Island Avenue, N.E., Washington, D.C., have come to the attention of police because of a shooting on the front porch, drug sales and use in the house, related disorderly conduct, and residents' activities with prostitutes. Further, since at least June 2000, law enforcement officers have been investigating the trafficking in illegal narcotics either at the house at 1923 Rhode Island Avenue, N.E., or by residents of that property selling drugs at or near that address.

Since June 2000, on at least six separate occasions, a judge of the Superior Court of the District of Columbia has issued a warrant to search the premises at 1923 Rhode Island Avenue, N.E., Washington, D.C., for controlled substances or drug contraband and evidence of unlawful drug-trafficking, upon affidavits submitted by sworn MPD officers. Each affidavit has recounted evidence that a person at 1923 Rhode Island Avenue, N.E., had unlawfully distributed a controlled substance, usually cocaine, to a confidential police informant or special police employee. Two affidavits have described complaints from citizens and the property's neighbors about activities associated with illegal drug sales, and foot traffic at all times of the day and night, which also is a sign that the property is a nuisance being used for street-level sales of illegal drugs to walk-up purchasers.

MPD police officers have executed one of these search warrants at 1923 Rhode Island Avenue, N.E., on June 6, 2000, August 23, 2003, November 24, 2006, December 6, 2006, April 20, 2007, and May 25, 2007. On each occasion, police have arrested one or more persons at the property for unlawful possession of a controlled substance or related crimes. In the course of executing these six search warrants, police have arrested a total of at least 15 persons at the property on various charges.

I believe that the titled property owner, Odell Hale, is aware that the property is being used to commit serious narcotic crimes and of the drug or prostitution-related nuisance and disorderly house kept there. Mr. Hale lives there, he has been present four times when narcotic search warrants were executed at the property, and he has been arrested twice after such search warrants. Indeed, when police executed the first search warrant in June 2000, Mr. Hale was under indictment for assault with a dangerous weapon-gun (ADW), along with related threats, and weapons. This indictment arose from a shooting at the property's front porch at about 1:20 in the morning of April 7, 2000. In the course of a four-person affray, in which another resident beat a woman who lived at the house, Mr. Hale shot and wounded a visitor to the property, who said he had come to collect money. On August 28, 2000, following a guilty plea to the felony shooting assault and a gun crime, Mr. Hale was sentenced to consecutive prison terms of three-to-nine years for the ADW crime and one year for a gun crime, both terms suspended during five years of probation.

Further, after execution of a search warrant in June 2003 – less than five years after his previous gun assault conviction – Mr. Hale was convicted in the Superior Court of the District of Columbia of the crime of unlawful possession of cocaine. Both felony and misdemeanor criminal charges against Mr. Hale now are pending in the Superior Court in criminal case numbers 2006CF2027212 and 2007CMD 12487. Criminal charges based upon illegal drug possession also are pending against two

other residents of the property, Johnnie Sistrunk and Reginald C. Williams. Additionally, police officers gave to Mr. Hale on April 24, 2007, a written notice that the property was subject legal action for its forfeiture and to abate, enjoin, and prevent a nuisance and disorderly house. Police read the notice to Mr. Hale and physically posted it on the front and back entrances. Thereafter, police obtained another drug search warrant for the property and executed it one month later on May 25, 2007. This led to Mr. Hale's arrest on a warrant charging a misdemeanor drug crime in Superior Court case number 2007CMD 12487.

In consequence, I submit that the property at 1923 Rhode Island Avenue, N.E., has been and still is being used to facilitate the commission of an on-going violation of 21 U.S.C. § 856, which makes it a crime to maintain drug-involved premises. This crime is punishable by a term of imprisonment of not more than 20 years. Further, this crime and related violations of 21 U.S.C. § 841(a)(1), which proscribes unlawful distribution and possession with intent to distribute controlled substances such as cocaine, are occurring within 1000 feet of a school grounds, in violation of 21 U.S.C. § 860. This statute effectively doubles the maximum penalties for violations of 21 U.S.C. §§ 841(a)(1) and 856. Any violation of 21 U.S.C. § 841(a)(1) involving the controlled substance of cocaine is punishable at least by a term of imprisonment of not more than 20 years.

In short, traditional law enforcement activities have proved unavailing in eliminating illegal narcotic trafficking and use at the property, and the owner has not taken effective steps to fulfill his responsibility to curb it either. Following is a description of the six occasions since June 2000 that police have served drug search warrants at 1923 Rhode Island Avenue, N.E.

## SEARCH WARRANT EXECUTED JUNE 6, 2000

On June 1, 2000, a Superior Court Judge issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that citizens had complained about activity at the address that was consistent with illegal drug activity, including heavy foot traffic coming to and from the house during all hours of the day and night. The affidavit further stated that a special police employee had bought suspected crack cocaine from a man who came out of this address during a police-supervised "controlled buy" that had occurred within the three days before June 1, 2000.

Five days later, on June 6, 2000, officers from MPD's Fifth District served this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. Inside the house, police found at least three persons. In the course of serving the search warrant, police seized a ziplock of suspected marijuana from a man present in the house, Antonio Scott, who was arrested and charged with its unlawful possession in criminal case M-06462-00 in the Superior Court of the District of Columbia. The police arrest report, the PD 163 form, stated that Antonio Scott's address was 1923 Rhode Island Avenue, N.E. On June 20, 2000, the government entered a *nolle prosequi* in the case against Mr. Scott.

Additionally, police seized from a living room closet 33 live rounds of .38-calibre ammunition and one live .22-calibre bullet. As a result, police arrested another of the house's residents, Johnnie Sistrunk, and charged him with unlawful possession of unregistered ammunition. From the

residence, police also seized mail addressed to Mr. Sistrunk. The PD 163 police arrest report stated that Mr. Sistrunk's address was 1923 Rhode Island Avenue, N.E. Paperwork developed after this event stated that Mr. Sistrunk had an MPD PDID of xxx-xxx and was born on December xx, xxxx. The ammunition charge against Mr. Sistrunk did not result in conviction.

## SEARCH WARRANT EXECUTED AUGUST 23, 2003

On August 22, 2003, a Superior Court Judge issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had bought suspected crack cocaine from a man inside the house at this address during a police-supervised "controlled buy" that had occurred within the three days before August 22, 2003.

The following day, on August 23, 2003, officers from MPD's Fifth District served this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. At the house, police found several persons, one of them being its owner, Odell Hale, who was on a porch. Police arrested Mr. Hale because they found inside a room in the house three ziplock bags containing suspected crack cocaine and a ziplock bag containing suspected marijuana. From this room, police also seized mail addressed to Mr. Hale and $910 in cash. Police charged Mr. Hale with unlawful possession with intent to distribute cocaine. Paperwork developed after this event stated that Mr. Hale had an MPD PDID of xxx-xxx and was born on November xx, xxxx.

Police also caught Gina Watson as she was leaving a closet in a downstairs basement bedroom. From inside this closet, police seized ten ziplocks with suspected crack cocaine inside them and a $50 bill. Police estimated that each rock of suspected crack cocaine to be worth $50.

Additionally, police seized from the house's living room a device known as a crack pipe or crack bottle, something commonly used to smoke crack cocaine. From a bedroom, police seized a scale of a type often used to weigh amounts of illegal drugs to be packaged for unlawful sales. Police also seized from the house two razor blades of a type frequently used to cut up rocks of crack cocaine to package it for sale, plus numerous ziplocks commonly used in packaging crack for sale.

Thereafter, in the Superior Court, the government charged Mr. Hale with unlawful possession of cocaine and marijuana in criminal case number M-07285-03. In October 2003, the Court convicted Mr. Hale of the cocaine crime on a guilty plea and sentenced him to 120 days in jail, suspended during a period of probation.

## SEARCH WARRANT EXECUTED NOVEMBER 24, 2006

On November 20, 2006, a Superior Court Judge issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had recounted activity at the address that was consistent with illegal drug activity, including heavy foot traffic coming to and from the house during all hours of the day and night. The affidavit further stated that a special police employee had bought suspected crack

cocaine base from inside the house during a police-supervised "controlled buy" that had occurred during the three days before November 20, 2006.

Four days later, on November 24, 2006, officers from MPD's Fifth District served this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. Inside the house, police found at least fourteen persons, one of them being its owner, Odell Hale. Ten or more of these persons gave police another address as their residence.

In a downstairs bedroom, police found a pill-box containing two loose rocks of suspected crack cocaine base, Johnnie Sistrunk, and two women, Thyanne Harris, who identified herself as Tyhanee Diggins and Kimberly Barage, who identified herself as Terry Scott. Police arrested and charged each person with unlawful possession of cocaine. Ms. Scott also was arrested based on two bench warrants for failing to appear in Superior Court, once for a status hearing and once for a trial in another criminal case.

In a second bedroom downstairs, police found two men, Reginald Williams and Donald Williams, as well as (1) empty blue ziplocks of a type used to package illegal drugs such as crack cocaine base; (2) a razor blade of a kind used to cut off pieces of crack from larger rocks; and, (3) a "push rod" – an instrument commonly used to pack into a pipe crack cocaine before smoking it. As a result, police arrested these two men on charges of unlawful possession of drug paraphernalia. Police also arrested a sixth person, Andrew Jackson Blocker, on an outstanding escape warrant.

The MPD PD 163 report of defendant Sistrunk's arrest on November 24, 2006, stated that his address was 1923 Rhode Island Avenue, N.E. Paperwork developed after this event stated that Mr. Sistrunk had the same MPD PDID and date of birth as the Johnnie Sistrunk arrested at 1923 Rhode Island Avenue, N.E., on June 6, 2000, when police served a search warrant there on that date. The MPD PD 163 report of Reginald Williams's arrest on November 24, 2006, stated that his address was 1923 Rhode Island Avenue, N.E.

Thereafter, the government charged Mr. Sistrunk in Superior Court criminal case number 2006CMD026214 with unlawful possession of a controlled substance in violation of D.C. Code § 48-904.91(d). After Mr. Sistrunk had been charged in Superior Court following this November arrest, he told a court agency that he resided at 1923 Rhode Island Avenue, N.E. The Court released Mr. Sistrunk pending trial on the condition that he commit no new crimes and that he return to court when required.

Police officers present during the execution of this search warrant suspect that Ms. Barage and Ms. Harris are prostitutes who planned to engage in sexual acts with one or more of the men present. A review of Ms. Barage's criminal history shows that she has been arrested using aliases of Lisa Burns, Denise Carter, Shavon Sanford, Terry Scott, Sharon Stanford, Chavone Wilson, Sherry Brimmer, and Lisa Wilson, and 14 other variations of these names. Police have arrested Ms. Barage approximately 33 times before November 24, 2006, including in Rhode Island, Iowa, Delaware, Wisconsin, and Washington, D.C. At least ten of these arrests involved charges involving street-level prostitution activities. Five or more of the arrests involved drug-related charges. Ms. Harris

has prior convictions from Kansas involving narcotics and child-endangerment.

## SEARCH WARRANT EXECUTED DECEMBER 6, 2006

Less than two weeks later, on December 6, 2006, a Superior Court Judge issued a warrant to search 1923 Rhode Island Avenue, N.E., Washington, D.C. The affidavit in support of the application for the warrant stated that a special police employee had bought suspected crack cocaine base from a man inside the house at this address during a police-supervised "controlled buy" that had occurred within the previous three days.

Later that evening, officers from MPD's Fifth District served this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C. At the house, police arrested six persons, one of them being its owner, Odell Hale. At least fourteen persons were at the property when police executed the warrant, and ten or more of these persons gave other addresses as their residence.

Police found Mr. Hale in a bedroom. From this bedroom, officers seized more than 25 ziplock bags each containing suspected crack cocaine, another ziplock containing a white powder, and a piece of clear cellophane containing about an eighth of an ounce of suspected crack. An eighth of an ounce of crack, commonly known as an "eight-ball" can be cut into 30 or more smaller rocks of crack of a size sold for $10 each. Additionally, in this bedroom, police found three bags containing many empty ziplocks of a type commonly used in packaging crack for sale.

Police also found in a basement bedroom Johnnie Sistrunk, Adeyinka Aderemi, Colin M. Wilson, and Sheila Howard. From this bedroom, police seized four ziplocks each containing suspected crack cocaine, two pieces of mirror glass with suspected cocaine on them, a razor blade of a type commonly used to cut cocaine, loose amounts of suspected crack cocaine, and two devices commonly used to smoke crack cocaine. Additionally, police arrested Reginald Williams in a basement washroom. From the sock on Mr. Williams's foot at the time, police seized suspected crack cocaine and heroin.

Thereafter, the government charged Mr. Hale in Superior Court criminal case number 2006CF2027212 with the felony crime of unlawful possession with intent to distribute of a controlled substance in violation of D.C. Code § 48-904.01(a)(1). Court documents show that this is the same man who was convicted of possession of cocaine in Superior Court criminal case number M-07285-03 after his arrest at 1923 Rhode Island Avenue, N.E., on August 23, 2003. He also is the owner of 1923 Rhode Island Avenue, N.E., and was present when police served the previous search warrant there on November 24, 2006. The MPD PD 163 report of defendant Hale's arrest on December 6, 2006, stated that his address was 1923 Rhode Island Avenue, N.E.

As a result of the execution of this December search warrant, the government also charged Mr. Sistrunk in Superior Court criminal case number 2006CMD027215 with the unlawful possession of a controlled substance in violation of D.C. Code § 48-904.01(d) and unlawful possession of drug paraphernalia in violation of D.C. Code § 48-1103(a). Court documents show that defendant Sistrunk has the same MPD PDID and date of birth as the Johnnie Sistrunk charged with possession

of cocaine in Superior Court criminal case number 2006CMD026214 after his arrest at 1923 Rhode Island Avenue, N.E., following the execution of a search warrant there on November 24, 2006. Thus, I submit that defendant Sistrunk was in violation of his pre-trial release conditions in this earlier case when arrested on December 6, 2006. The MPD PD 163 report of defendant Sistrunk's December arrest stated that his address was 1923 Rhode Island Avenue, N.E. After Mr. Sistrunk had been charged in Superior Court following this December arrest, he informed a court agency that he lived at 1923 Rhode Island Avenue, N.E. The Court released him pending trial on the condition that he commit no new crimes and that he return to court when required.

Based on these events on December 6, 2006, the government also charged Reginald Williams in Superior Court criminal case number 2006CMD027222 with two counts of unlawful possession of a controlled substance, in violation of D.C. Code § 48-904.01(d). Court documents show that defendant Williams has the same MPD PDID (xxx-xxx) and date of birth as the Reginald Williams arrested at 1923 Rhode Island Avenue, N.E., after police executed a search warrant there on November 24, 2006. The MPD PD 163 report of defendant Williams's arrest on December 6, 2006, stated that his address was 1923 Rhode Island Avenue, N.E. After Reginald Williams had been charged in Superior Court following this December arrest, he told a court agency that he lived at 1923 Rhode Island Avenue, N.E. The Court released Reginald Williams pending trial on the condition that he commit no new crimes and that he return to court when required. On March 8, 2006, a Superior Court Judge issued a warrant for Reginald Williams's arrest after he failed to appear in Court. Police arrested Mr. Williams in the course of serving another search warrant at 1923 Rhode Island Avenue, N.E., on April 20, 2007. On May 1, 2007, Mr. Williams was convicted by guilty plea of possession of a controlled substance at the defendant property in this case.

As a result of the execution of this December search warrant, the government also charged Mr. Wilson in Superior Court criminal case number 2006CMD027216 with unlawful possession of drug paraphernalia. Thereafter, a Superior Court judge issued a bench warrant for Mr. Wilson's arrest on April 13, 2007, for failing to appear in court. Police arrested Mr. Wilson on about April 30, 2007. This case since has been dismissed.

Following execution of this December search warrant, the government also charged Mr. Adiremi in Superior Court criminal case number 2006CMD027214 with unlawful possession of drug paraphernalia. When police arrested Mr. Aderemi, they discovered two outstanding bench warrants for him because he had failed to appear in the Superior Court on traffic charges in July 2006. Additionally, court documents show that Mr. Adiremi was on probation for a traffic offense in the District of Columbia and appeared to be on probation in Maryland for a theft conviction in Charles County. Eventually, the Court issued a bench warrant for Mr. Adiremi's arrest for failing to appear at a hearing in this case on January 9, 2007, and he was arrested on February 7, 2007. At the time of making this indictment, the government planned to dismiss this charge.

As a result of the execution of this December search warrant, the government also charged Ms. Howard in Superior Court criminal case number 2006CMD027213 with unlawful possession of drug paraphernalia. At the time of making this affidavit, the government expected to dismiss this charge.

Records of Ms. Howard's criminal history show that she was charged on September 25, 2006, with unlawful possession of cocaine in Superior Court criminal case number 2006CMD21114. Ms. Howard's arrest on this charge occurred in the 2800 block of 20th Street, N.E., about two blocks away from 1923 Rhode Island Avenue, N.E. Ms. Howard was adjudged guilty of this offense on January 30, 2007, and the Court sentenced her to 180 days in jail, which was suspended during 18 months on probation. Court documents also show that on December 6, 2006, Ms. Howard was on pre-trial release on condition that she remain away from the 2800 block of 20th Street, N.E., which is within a very short distance from 1923 Rhode Island Avenue, N.E. Thus, I infer that Ms. Howard had a pending criminal drug case at the time police arrested her on drug charges at 1923 Rhode Island Avenue, N.E., on December 6, 2006, and that she was in violation of her conditions of release in that case.

Further, Ms. Howard's criminal history records show that she was arrested for unlawful distribution of cocaine on December 6, 2003, and again on December 20, 2003, and then charged in Superior Court criminal case numbers F-07594-03, and F-7865-03. The first arrest took place a block southwest of 1923 Rhode Island Avenue, N.E., and the second arrest occurred at 1803 Rhode Island Avenue, N.E. Ms. Howard pled guilty to the offense of attempted unlawful distribution of cocaine, and the court sentenced her to a 60-month prison term in April 2004, but suspended 50 months incarceration during a period of three years of probation. Court records suggest that this probation had been terminated unsuccessfully in 2005.

Ms. Howard has five prior convictions in the District of Columbia for offenses involving prostitution in Superior Court criminal case numbers (1) M-3812-03 on April 15, 2004, after an arrest that occurred within two blocks of 1923 Rhode Island Avenue, N.E.; (2) M-02661-00 on June 28, 2000, after an arrest that occurred in the 1800 block of Rhode Island Avenue, N.E.; (3) M-09345-99 on December 10, 1999; (4) M-15009-92 on November 18, 1992; and, (5) M-12331-88 on November 16, 1988. Ms. Howard has six other arrests in Washington, D.C., for offenses involving prostitution or indecent exposure including two in the 1800 block of Rhode Island Avenue, N.E., and approximately 25 total prior arrests in Washington, D.C., Maryland, or Virginia.

## SEARCH WARRANT EXECUTED APRIL 20, 2007

On April 17, 2007, a Superior Court Judge issued a warrant to search 1923 Rhode Island Avenue, N.E. The affidavit in support of the application for the warrant stated that a special police employee had personal knowledge that illegal drugs were being both sold and stashed from within the premises at that address. The affidavit further described that the special police employee had bought suspected crack cocaine from a man inside the house at this address during a police-supervised "controlled buy" that had occurred within the previous three days.

Officers from MPD's Fifth District vice unit served this warrant at about 8:00 p.m. on Friday, April 20, 2007. Odell Hale, Johnnie Sistrunk, and Reginald Williams all were at the property at the time. From a dresser in Mr. Sistrunk's downstairs basement, police seized a razorblade, loose tan rocks of suspected crack cocaine, and a glass jar containing more suspected crack. From this room, police also seized empty ziplock bags, a drug-smoking device, and a spoon, as well as mail addressed to

Mr. Sistrunk at the address of 1923 Rhode Island Avenue, N.E.

Police arrested Mr. Sistrunk, and the government charged him in Superior Court criminal case number 2007CMD009084 with unlawful possession of cocaine and unlawful possession of drug paraphernalia. At the time of this arrest, Mr. Sistrunk was on pre-trial release in Superior Court criminal case number 2006CMD027215, which resulted from his arrest on drug charges following the search warrant served at 1923 Rhode Island Avenue, N.E., on December 6, 2006. At the time he was arrested on December 6, 2006, Mr. Sistrunk then also was on pre-trial release by the Superior Court pending trial on criminal charges arising from the execution of the search warrant at 1923 Rhode Island Avenue, N.E., on November 24, 2006.

In a second basement bedroom, police found suspected crack cocaine in a dresser drawer, along with mail addressed to Ms. Cheryl Scott. Inside a pillow case on the room's bed, police found a straw containing ziplocks with suspected heroin powder. Police also seized a cigarette box containing two glass smoking devices of a type used to consume illegal drugs. As a result, police arrested Ms. Scott, who was present elsewhere in the house at the time.

When police officers first got to this second basement bedroom, they found a man sitting on the bed, Andrew Blocker. In his pocket, police seized a loose pill whose markings identified it as containing a Schedule II opiate-derived controlled substance, oxycodone. As a result, the government charged Mr. Blocker in the Superior Court of the District of Columbia in criminal case number 2007CMD009086 with unlawful possession of cocaine, unlawful possession of heroin, and unlawful possession of drug paraphernalia. This is the same Andrew Blocker who police arrested on an outstanding escape during the execution of a search warrant at 1923 Rhode Island Avenue, N.E., in November 2006. On May 8, 2007, Mr. Blocker failed to appear in court at a hearing in criminal case 2007CMD009086, and a warrant issued for his arrest. He remained a fugitive at the time of making this affidavit.

At the time police executed the search warrant on April 20, 2007, two different exceptionally graphic "hard-core," pornographic video-tape movies were playing on televisions in each of these two basement bedrooms.

From a third basement bedroom, police seized mail addressed to Mr. Reginald Williams at 1923 Rhode Island Avenue, N.E., loose firearm ammunition, and a device known as a "livescan bracelet," similar to mechanisms sometimes used to monitor criminal defendants who have been released from custody while awaiting trial.

On April 20, 2007, while executing the search warrant at 1923 Rhode Island Avenue, N.E., an officer posted on the front door and the back door to the house at the property a notice that stated:

> "The property at 1923 Rhode Island, N.E., Washington, D.C., is a 'drug or prostitution-related nuisance' as defined in Title 42 of the District of Columbia Code, Section 3101.

-10-

(1) The property at 1923 Rhode Island Avenue, N.E., has been used to commit or to facilitate the commission of a violation of the Controlled Substances Act, Title 21 of the United States Code, section 801, *et seq.* The property may be seized and forfeited, pursuant to 21 U.S.C. § 881.

(2) The property and house at 1923 Rhode Island Avenue, N.E., is a nuisance and disorderly house that has been, and is being, resorted to by persons using controlled substances in violation of District of Columbia law for the purpose of using any of these substances or for the purpose of keeping or selling any of these substances in violation of District of Columbia law. This nuisance and disorderly house may be enjoined and abated, pursuant to D.C. Code §§ 22-2713-2720.

(3) A drug or prostitution-related nuisance may be abated enjoined, or prevented, pursuant to D.C. Code 42-3102, *et seq.*"

Additionally, a police officer gave Odell Hale a letter addressed to him and Ms. Margaret C. Hale, which stated the same information. A police officer read the letter to Mr. Hale, too.

## SEARCH WARRANT EXECUTED MAY 25, 2007

On May 24, 2007, a judge of the Superior Court of the District of Columbia issued a warrant to search 1923 Rhode Island Avenue, N.E. The affidavit in support of the application for the warrant stated that a special police employee had personal knowledge that illegal drugs were being both sold at the property. The affidavit further described that the special police employee had bought suspected crack cocaine from a person inside the house at this address during a police-supervised "controlled buy."

Police officers examined the crack cocaine purchased from 1923 Rhode Island Avenue, N.E., which led to the issue of a narcotic search warrant on May 24, 2007. The officers found that it was "wet" and had an appearance and texture that is consistent with being very recently "cooked up." From this "wet" appearance, the officers inferred that this suspected crack cocaine must have been made from cocaine powder a very short time before it was sold at 1923 Rhode Island Avenue, N.E. Because newly "cooked" crack cocaine dries very quickly after being produced from cocaine powder, the officers believed that either that the property was being used to make crack cocaine or that a supplier must very recently have delivered crack to the premises for sale. Either fact supports the inference that the defendant premises supports regular illegal sale of crack cocaine. Mr. Sistrunk was present at 1923 Rhode Island Avenue, N.E., during the illegal crack sale that led on May 24, 2007, to the issuance of a search warrant for the property.

Officers from MPD's Fifth District vice unit executed this warrant at 1923 Rhode Island Avenue, N.E., Washington, D.C., about 8:00 p.m. on Friday, May 25, 2007. Although Mr. Hale and Mr. Sistrunk were not present at the property when police executed the warrant, Reginald Williams and at least three other persons were there.

In Mr. Hale's bedroom, police found in a dresser drawer an electronic scale of a type associated with measuring out amounts of illegal drugs for sale. Because Mr. Hale was not at home at the of executing the search warrant, an officer applied for a warrant to arrest Mr. Hale for unlawful possession of drug paraphernalia, which a Superior Court judge issued. Police arrested Mr. Hale on May 30, 2001, and he was charged with this offense in Superior Court case 2007CMD12487, which now is pending trial in September 2007.

In Mr. Sistrunk's bedroom, police found two "crack pipes," one on a dresser and one in a window sill. Because Mr. Sistrunk was not at home at the of executing the search warrant, an officer applied for a warrant to arrest Mr. Sistrunk for unlawful possession of drug paraphernalia, which a Superior Court judge issued. Police arrested Mr. Sistrunk on about May 31, 2001, and he was charged with this offense in Superior Court case 2007CMD12535, which is now pending trial in August 2007. When arrested, Mr. Sistrunk was on release pending trial in the Superior Court in case 2007CMD9084 and in case of 2006CMD027215, and was in violation of his bail.

In Mr. Williams's basement bedroom, police found a ziplock stamped with yellow dragons, which had in it a white powder with an opiate in it, such as heroin. Additionally, police seized from Mr. Williams's bedroom area: (1) a round of ammunition from a bin near the washing machine; (2) glass with a razor on it, equipment commonly used to measure out amounts of cocaine or heroin; (3) empty ziplocks, "push rods", copper wadding, and a home-made crack pipe from inside a dresser; and (4) a home-made crack pipe on top of a pile of clothes. As a result, police arrested Reginald Williams, and charged him with unlawful possession of heroin and unlawful possession of drug paraphernalia in Superior Court criminal case number 2007CMD012100, which is set for trial in August 2007.

## CRIMINAL HISTORY OF DEFENDANT RESIDENTS

In preparing this affidavit, I reviewed records showing the previous arrests and criminal convictions of persons who have said they live at 1923 Rhode Island Avenue, N.E., including records maintained by the Superior Court of the District of Columbia, the Metropolitan Police Department, and the Federal Bureau of Investigation.

## PROPERTY OWNER: ODELL HALE

Odell Hale's criminal records show that he was born in November 1932 or 1933. His MPD PDID is: xxx-xxx, and his FBI number is: xxxxxxx. Since 1953, at aged 20, Mr. Hale has been arrested at least twelve times in Tennessee and Washington, D.C. In Tennessee, it appears that Mr. Hale suffered felony convictions after arrests on burglary-related charges in 1954 and 1958. He further appears to have two Tennessee convictions arising from arrests in 1979 related to unlawful drug sales, with at least one prison sentence exceeding one year.

Mr. Hale has suffered four arrests and two convictions for crimes in the District of Columbia. At the time of making this affidavit, Mr. Hale has been released pending indictment in Superior Court criminal case number 2006CF2027212 and trial in 2007CMD012487, both involving drug-related

-12-

charges arising from activities at 1923 Rhode Island Avenue, N.E. in December 2006 and May 2007, respectively.

Earlier, on April 7, 2000, police arrested Mr. Hale at 1923 Rhode Island Avenue, N.E., on a charge of assault with a dangerous weapon-gun after he shot and wounded a man named Michael Wilson. The shooting occurred during a four-person affray on the porch at 1923 Rhode Island Avenue, N.E., at about 1:20 a.m. Police also arrested another resident Gerald Hodge, on misdemeanor assault charges. The affray involved a third person, a woman, who was involved in the affray. Thereafter, a grand jury indicted Odell on assault and firearms charges. At the time, Mr. Hale was at least 66 years old.

In July 2000, Mr. Hale pled guilty in the Superior Court in criminal case number F-2234-00 (2000FEL2234) to felony crime of assault with a dangerous weapon-gun and a count of the crime of unlawfully carrying a pistol without a license (CPWL). For the felony gun assault, defendant Hale received a sentence of three-to-nine years in prison and a consecutive year in prison for the CPWL, both terms suspended during five years of probation. Mr. Hale was allowed to enter an "Alford" plea because he contended that he had been drunk when shooting the victim.

Within five years of these felony gun assault and firearms convictions, police arrested Mr. Hale on August 23, 2003, at 1923 Rhode Island Avenue, N.E., after serving a drug search warrant there, which I have described in more detail earlier in this affidavit. As noted, as a result, Mr. Hale pled guilty in the Superior Court in October 2003 in criminal case number M-07285 (2003CMD007285) to unlawful possession of cocaine based on this arrest.

## PROPERTY RESIDENT: JOHNNIE SISTRUNK

Johnnie Sistrunk's criminal records show that he was born in December 1941. His MPD PDID is: xxx-xxx, and his FBI number is: xxxxxxxx. Since 1981, Mr. Sistrunk has been arrested at least eight times in Washington, D.C., or Maryland. Four of these arrests involved charges of assault or battery, one involved possession of ammunition, and one was for prison breach. Mr. Sistrunk's four most recent arrests occurred in November and December 2006 and April and May 2007 as a result of the execution of drug search warrants at 1923 Rhode Island Avenue, N.E., and criminal charges based on the last three arrests are pending in the Superior Court. This second, third, and fourth drug arrests occurred while Mr. Sistrunk was on pre-trial release by the Superior Court pending trial on criminal charges resulting from earlier arrests at 1923 Rhode Island Avenue, N.E..

Criminal history records also show that police arrested Mr. Sistrunk at 1923 Rhode Island Avenue, N.E., on August 20, 1997, on a warrant for an assault that took place elsewhere in July 1997. FBI records state that Mr. Sistrunk was convicted in April 1997 in Washington, D.C., of a 1996 assault for which he received a two-year probationary sentence. Thus, I infer that Mr. Sistrunk's 1997 assault arrest at 1923 Rhode Island Avenue, N.E., took place while he was on probation for that earlier assault conviction. Further, Maryland criminal records state that police arrested Mr. Sistrunk in Prince Georges County on February 11, 1998, for battery, at a time when it appears he was still on probation for the 1997 assault conviction.

At the time of making this affidavit, Mr. Sistrunk has pending in Superior Court three misdemeanor drug-related cases arising from execution of search warrants at 1923 Rhode Island Avenue, N.E.: (1) 2006CMD27215; (2) 2007CMD09084; (3) 2007CMD12535.

## PROPERTY RESIDENT: REGINALD B. WILLIAMS

Reginald B. Williams's criminal records show that he was born in January 1957. His MPD PDID is: xxx-xxx, and his FBI number is: xxxxxxxxx. Most recently, police arrested Mr. Williams on April 20, 2007, and May 25, 2007, at 1923 Rhode Island Avenue, N.E., while serving search warrants there. On April 20, 2007, Mr. Williams had an outstanding warrant for his arrest after failing to appear in the Superior Court in March 2007. Mr. Williams failed to appear in court in connection with the criminal drug case arising from his arrest at 1923 Rhode Island Avenue, N.E., on December 6, 2007, following the execution of a drug search warrant there. Mr. Williams also has an earlier arrest on a bench warrant in September 1996, and police arrested him in the 3000 block of 20th Street, N.E., on October 10, 2003, on a charge of "affrays (disorderly fighting)." This block is immediately east of the house at 1923 Rhode Island Avenue, N.E., and just west of the St. Frances de Sales Roman Catholic grammar school. On May 1, 2007, Mr. Williams was convicted by guilty plea of the unlawful possession of a controlled substance, which resulted from his arrest on December 6, 2007. He has a trial in Superior Court set for August 2007, in criminal case number 2007CMD012100, which arose from Mr. Williams's arrest at 1923 Rhode Island Avenue, N.E., during the execution of the search warrant there on May 25, 2007.

## CONCLUSION

The owner and residents of the property at 1923 Rhode Island Avenue, N.E., have used it to facilitate the commission of countless narcotic offenses and made it a drug or prostitution-related nuisance during the past seven or more years. This has occurred very near established churches, a grammar school down the block, a public library, and a nearby recreational center for youngsters.

Traditional law enforcement activities, such as arrests and criminal prosecutions, and police practices such as drug search warrants, including three executed in the past six months, all have failed to curb illegal narcotics traffic or abate and prevent a drug or prostitution-related public nuisance there. Residents of the property have been arrested for new criminal offenses after the Court has placed them on pre-trial release for earlier criminal offenses. Police regularly have found at the property

non-residents who have outstanding warrants based on ignoring their sworn obligations to the Court. Many times, non-residents who were arrested at this property and then charged in Superior Court have had warrants issued for their arrest for failing to appear in court. Non-residents have been arrested at the property on drug charges while on pre-trial release or probation for other drug crimes. At least two persons arrested at the property have extensive criminal records involving prostitution. The owner of the property knows of the narcotic-related activities at his nuisance property, has taken part in them, and has been notified about the possibility of his property being forfeited, but illegal narcotic trafficking continues.

Further than this, affiant sayeth not.

I, Jeffrey Maslona, a sworn officer of the Metropolitan Police Department in Washington, D.C., declare under penalty of perjury that the foregoing Verified is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this affidavit is true and correct to the best of my knowledge and belief.

Executed on this __12-__ day of July 2007.

Jeffrey Maslona
Officer,
Metrop•tan Police Department

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Civil Action No. 07-1211 (PLF)** |
| **555 Fourth St., N.W.** | ) | |
| **Washington, D.C.   20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **PROPERTY IDENTIFIED AS** | ) | |
| **1923 RHODE ISLAND AVENUE,** | ) | |
| **NORTHEAST, WASHINGTON, D.C.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ODELL HALE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

This matter came before the Court on the motion of plaintiff United States of America to convene a hearing to consider the pre-judgment seizure of the defendant property and the existence of a disorderly house and drug or prostitution-related public nuisance at the property, and for a preliminary order to abate, enjoin, and prevent this nuisance.  Upon consideration of that motion, the points and authorities cited in the motion and plaintiff's memorandum in support of the motion, the affidavit submitted with the motion, and the entire record herein, it is by the Court this ____ day of July 2007

ORDERED, that the motion be, and the same hereby is, GRANTED; and it is further

ORDERED, that a hearing to consider the pre-judgment seizure of the defendant property, the existence of a disorderly house and drug or prostitution-related public nuisance at the property,

and a preliminary order to abate, enjoin, and prevent this nuisance shall be held before the Court on

the _____ day of August 2007, at _____ o'clock, a.m./p.m.; and it is further

ORDERED, that the Clerk of the Court and the United States Marshall for the District of

Columbia shall cause notice of this hearing to be served upon the defendant property at 1923 Rhode

Island Avenue, N.E., Washington, D.C., and upon defendant Odell Hale.


_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

cc:     Barry Wiegand, AUSA
        U.S. Attorney's Office, Fourth Floor
        555 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 307-0299 (o)
        (202) 514-8707 (fax)
        William.B.Wiegand@USDoJ.Gov