UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                              **Plaintiff,**     )<br>                                           )<br>      **v.**                                     )<br>                                           )<br>**PROPERTY IDENTIFIED AS**           )<br>**1923 RHODE ISLAND AVENUE,**       )<br>**NORTHEAST, WASHINGTON, D.C.,**   )<br>                                           )<br>      **and**     )<br>                                           )<br>**ODELL HALE,**         )<br>                              **Defendants.**     )<br>                                           )<br>                                           )<br>**MARGARET AUSTIN,**     )<br>                                           )<br>      **and**     )<br>                                           )<br>**ODELL HALE,**        )<br>                              **Claimants.**     ) | Civil Action No. 07-1211 (PLF) |

## UNOPPOSED MOTION TO ENTER OPINION AND ORDER

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to move this Court to enter the attached proposed opinion and order issuing a seizure warrant and abating, enjoining, and preventing a disorderly house and drug or prostitution-related nuisance at 1923 Rhode Island Avenue, N.E., Washington, D.C.  In support whereof, plaintiff respectfully submits as follows:

      1.      On September 12, 2007, the Court held a status conference to consider the Government's request for a seizure warrant and an order to abate, enjoin, and prevent a nuisance at the defendant property.  The Court agreed that the Government should submit a proposed opinion and order and determine whether claimants objected to it.  Counsel for claimants, Mr. Robert Mance,

III, Esq., and Mr. R. William Hale, Esq., both have been sent the proposed opinion and order. Noting that claimants specially limit their agreement, as expressed in the order's footnote three and related text, both counsel graciously have authorized undersigned counsel to state that they do not oppose the entry of the opinion and order.

   *WHEREFORE*, plaintiff respectfully prays that this Honorable Court enter the proposed opinion and order.

                              Respectfully submitted,

                              _/s/_____
                              JEFFREY TAYLOR
                              UNITED STATES ATTORNEY
                              District of Columbia Bar No. 498610

                              _/s/_____
                              WILLIAM R. COWDEN
                              Assistant United States Attorney
                              District of Columbia Bar No. 426301

                              _/s/_____
                              BARRY WIEGAND
                              Assistant United States Attorney
                              District of Columbia Bar No. 424288
                              555 4th St., N.W., Room 4818
                              Washington, D.C. 20530
                              (202) 307-0299; (202) 514-8707 (fax)
                              William.B.Wiegand@USDoJ.Gov

## CERTIFICATE OF SERVICE

I hereby certify that I have caused service of the foregoing motion and attached proposed opinion and order to be made upon counsel for claimants, Mr. Roger William Hale, Esq., and Mr. R.W. Mance, III, through this Court's ECF system on September 25, 2007.

                              _/s/_____
                              Barry Wiegand
                              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>           **Plaintiff,** )<br>)<br>   v. )<br>)<br>**PROPERTY IDENTIFIED AS** )<br>**1923 RHODE ISLAND AVENUE,** )<br>**NORTHEAST, WASHINGTON, D.C.,** )<br>)<br>   and )<br>)<br>**ODELL HALE,** )<br>)<br>           **Defendants.** )<br>_____)<br>)<br>**MARGARET AUSTIN,** )<br>)<br>   and )<br>)<br>**ODELL HALE,** )<br>)<br>           **Claimants.** )<br>_____) | Civil Action No. 07-1211 (PLF) |

**OPINION AND ORDER**

      This matter came before the Court on the government's request for a warrant to seize the defendant real property at 1923 Rhode Island Avenue, N.E., Washington, D.C., before entry of a judgment of forfeiture, and for an order to abate, enjoin, and prevent the disorderly house and drug or prostitution-related nuisance at the property. The government seeks relief under 18 U.S.C. § 985(d), D.C. Code §§ 22-2713 through 22-2720, and D.C. Code §§ 42-3101, *et seq*. As more fully set forth below, the evidence supports the government's requested relief at this stage of the case. Therefore, upon consideration of the points and authorities cited in the government's pleadings, the evidence presented at a hearing on September 12, 2007, the absence of objection by the opposing

parties, and the entire record of this action, the Court will order the relief sought.

## BACKGROUND

The defendant real property lies on the south side of the 1900 block of Rhode Island Avenue, N.E., between the Brookland and Woodridge neighborhoods of northeast Washington, D.C., near Langdon Park. The main improvement is a detached, single-family rambler-style house. Behind the house, a narrow alley runs east to a street that dead ends into the fenced grounds of the St. Frances de Sales grammar school, which stands well within 1000 feet of the defendant property. On the same side of the street, but in the other direction, is the International House of Prayer for All People. Further west is a District of Columbia Public Library at the corner of 18th Street & Rhode Island Avenue, N.E.[1]

In 1968, Odell Hale and his then-wife, now Margaret Austin, bought the defendant property, and they are still the titled owners. Ms. Austin has not lived at 1923 Rhode Island Avenue, N.E., for decades, however. But, the property has remained Mr. Hale's home, and for at least the past seven years, it also has housed all manner of persons and hosted all kinds of illegal activities.

In April 2000, police arrested Mr. Hale for shooting a man during an affray on the front porch after 1:00 in the morning. Since then, a judge of the Superior Court of the District of Columbia has issued a warrant six times to search the premises at 1923 Rhode Island Avenue, N.E., for evidence of drug-trafficking. Every time police have raided the house, they have seized illegal drugs and arrested someone. This has happened four times during the past ten months. Usually,

---

[1] At the hearing held September 12, 2007, the Court received in evidence without objection a 15-page, single-spaced affidavit by Officer Jeffrey Maslona of the Metropolitan Police Department (MPD). The government submitted the affidavit with its request for a seizure warrant and abatement order. As the basis for its findings underpinning this order, the Court adopts as true the facts averred in Officer Maslona's sworn statement, without further citation in this order's text.

police have had to arrest several persons, some because they were fugitives with open warrants for escape or bond-jumping. Often, police have found persons at the property who were violating their probation, parole, or bail pending trial on other criminal charges. Some of the charges arose from arrests at the property during earlier raids. In their searches, police have found crack cocaine, heroin, marijuana, ammunition, paraphernalia for using illegal drugs, and packaging for selling narcotics. Police also have encountered women with long arrests records for prostitution. During one raid, "two different exceptionally graphic 'hard-core,' pornographic video-tape movies were playing on televisions" in each of two basement bedrooms.[2]

On July 5, 2007, the U.S. Attorney's Office filed a civil forfeiture action *in rem* against the defendant real property, pursuant to 21 U.S.C. § 881(a)(7). The government also sought equitable relief under District of Columbia Code §§ 22-2713 through 22-2720 and D.C. Code §§ 42-3101, *et seq*. The federal law permits forfeiture of property used to commit felony drug crimes, and the District of Columbia statutes authorize remedies for disorderly houses and drug or prostitution-related nuisances. The action named Mr. Hale as a personal defendant to the suit in equity.

On August 18, 2007, the government asked the Court to issue a warrant to seize the property before its forfeiture under federal law and for an order to abate the disorderly house and enjoin and prevent the nuisance under District of Columbia law. As required by 18 U.S.C. § 985(d)(1), the Court convened a hearing on the matter on September 12, 2007. Mr. Hale and Ms. Austin have entered the case as claimants to oppose the property's forfeiture, and both attended the hearing, with

---

[2] Mr. Hale has been convicted at least twice of charges arising from events at the property. Based on the shooting in 2000, Mr. Hale pled guilty to a felony assault and a firearm crime in the Superior Court of the District of Columbia. Mr. Hale also was convicted of a drug-related crime arising from a search warrant served in 2003. At the time of the hearing before this Court, Mr. Hale had criminal charges pending in at least one case in the local Superior Court system.

separate counsel. At the hearing, and for the limited purposes of the government's requested preliminary relief, neither claimant took issue with the government's evidence, nor opposed the request for a seizure warrant and abatement order.[3]

To show the existence of a disorderly house and public nuisance, the government proffered without objection scores of documents and more than a dozen photographs, which were arrayed in a two-inch thick, three-ring binder. Further, the Court specifically admitted 11 individual exhibits as evidence of the need for a prejudgement seizure warrant and an order for abatement and preliminary injunction.

## APPLICABLE LAW

*Federal Forfeiture Law*:

In the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Congress authorized warrants to seize real property before it had been decreed forfeit. See 18 U.S.C. § 985(d); United States v. Bowman, 341 F.3d 1228, 1232-1234 (11th Cir. 2003). Since CAFRA, only rarely have Courts published opinions about the pre-judgment seizure of real property subject to forfeiture, however. In United States v. Certain Property Located at 263 Weatherbrook Lane, Annistson, Alabama, known as "The Platinum Club", 202 F. Supp. 2d 1275 (N.D. Ala. 2002), the Court stated that:

---

[3] From the record at the hearing, it is clear that claimants agreed to the government proffer of its evidence in the context only of the request for a seizure warrant and an abatement order. Both claimants reiterate that their lack of opposition to the warrant and order come at an early stage of this case, and it is without prejudice to their right later to contest the merits of forfeiture or permanent equitable relief. The claimants also reserved their right to challenge the proffered evidence at a later stage of these proceedings, should this matter not be speedily resolved. For its part, the government acknowledged that the Court's factual findings are based on consideration of the evidence for the limited purpose of deciding whether to issue a warrant and abatement order, and that claimants later might seek to interpose objections to the same evidence, considered for a different purpose.

>under § 985(d), if there has been prior notice to the property owner of the warrant application, the Government is entitled to a warrant for seizure of real property upon a showing of probable cause to believe that the property is subject to forfeiture; if there has not been prior notice, then the Government must make an additional showing of exigent circumstances.

Id. at 1277.[4]

In the District of Columbia, this Court similarly has had few occasions to consider a seizure warrant for a property used to commit narcotic crimes. Judge Urbina's decision in United States v. Property Identified as 410 11th Street, N.E. Unit Number 23 Washington, D.C., 903 F. Supp. 158 (D.D.C. 1995), upheld an *ex parte* seizure warrant in a similar case. Id. at 160. That ruling was never appealed. In this case, the government elected not to seek an *ex parte* seizure warrant, although it asserts that exigent circumstances do exist, which support its requested relief.

***District of Columbia law on drug or prostitution-related nuisance abatement***:

---

[4] Under 18 U.S.C. § 985(d), seizure of real property may occur before entry of an order of forfeiture if:
    (A) the Government notifies the court that it intends to seize the property before trial; and
    (B) the court –
        (I) issues a notice of application for warrant, causes the notice to be served on the property owner and posted on the property, and conducts a hearing in which the property owner has a meaningful opportunity to be heard; or
        (ii) makes an *ex parte* determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.
(2) For purposes of paragraph (1)(B)(ii), to establish exigent circumstances, the Government shall show that less restrictive measures such as a *lis pendens*, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, *or continued unlawful use of the real property*. (Emphasis added.)

This law effectively codified the decision in United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993).

In the 1990s, the District of Columbia Council expanded the government's power to abate drug-related nuisances. The Council added to D.C. Code § 22-2713 a subsection declaring to be a nuisance and disorderly house any building or place "which is resorted to by persons using controlled substances" illegally "for the purposes of keeping or selling these controlled substances" illegally. This law authorizes a special summary action in equity to abate and enjoin the disorderly house and nuisance. D.C. Code § 22-2714. An abatement order must direct:

> the removal from the building or place of all fixtures, furniture . . . or movable property used in conducting the nuisance . . . and the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of 1 year, unless sooner released.

D.C. Code § 22-2717.[5]

Similarly, the District of Columbia Council also enacted in 1998 a general anti-drug nuisance law, now codified at D.C. Code §§ 42-3101, *et seq*. This law authorizes an action "to abate, enjoin, and prevent" a drug or prostitution-related nuisance. D.C. Code § 42-3102 (2001 ed.).[6]

### CONCLUSIONS OF LAW AND FINDINGS OF FACT

There is ample probable cause to believe that the defendant property is subject to forfeiture

---

[5] Congress first passed this law, known as the Kenyon Act, in 1914. See United States v. Wade, 992 F. Supp. 6, 13-15 (D.D.C. 1997), *rev'd on other grounds*, 332 U.S. App. D.C. 20, 152 F.3d 969 (D.C. Cir. 1998). Judge Lamberth's Wade opinion is the fullest examination of the act's civil and criminal provisions for abating nuisances. On review, the U.S. Court of Appeals limited the law – as then written – to prostitution nuisances, but the District of Columbia Council thereafter amended it explicitly to extend the abatement provisions to drug-related disorderly houses and nuisances. As a result, Judge Lamberth's Wade opinion remains instructive.

[6] This law originally was codified at D.C. Code §§ 45-3301 (1981 ed.). Evidence of a property's reputation is admissible to prove that it is a drug or prostitution-related nuisance, and the burden of proof is a preponderance of the evidence. See D.C. Code § 42-3108; D.C. Code § 22-2715. There do not appear to be any published decisions construing this anti-nuisance law.

under 21 U.S.C. § 881(a)(7). The government's uncontested evidence proved that the premises at 1923 Rhode Island Avenue, N.E., have been used to commit, or to facilitate the commission of, a violation, punishable by more than one year's imprisonment, of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* In the past ten months, police executed search warrants at the property on November 24, 2006, December 6, 2006, April 20, 2007, and May 25, 2007, and seized controlled substances each time. In particular, on December 6, 2006, police seized crack cocaine in amounts and packaging that signified an intent to distribute. Pictures of the drugs individually admitted into evidence at the hearing make this plain. Independent of indicia of intent to distribute the drugs, the evidence is even more clear that the defendant property was made available for the purpose of using controlled substances, in violation of 21 U.S.C. § 856, within 1000 feet of a school, in violation of 21 U.S.C. § 860.[7]

The government's evidence also proved that the defendant property is a disorderly house and drug or prostitution-related nuisance as defined in D.C. Code §§ 22-2713 & 42-3101(5). Officer Maslona's affidavit attests to a pattern of police execution of search warrants, seizures of controlled substances, and numerous arrests. This uncontested evidence proves that 1923 Rhode Island Avenue, N.E., regularly has been "resorted to by persons using controlled substances . . . for the purpose of using any of these substances or . . . keeping or selling" them illegally for many months,

---

[7] This Court has concluded that the government only needed to show probable cause that the defendant property is subject to forfeiture to obtain a pre-judgment seizure warrant after a hearing. But, if the government had to make a higher showing, the Court finds that the uncontested evidence was clear and convincing. The number and frequency of the search warrants issued, coupled with the results of their execution, such as the volume of arrests, quantities and types of drugs seized, and the activities being conducted repeatedly on the property, certainly showed both the exigent circumstances sufficient to justify issuance of an *ex parte* seizure warrant and the highest order of proof that the property is subject to forfeiture.

indeed, years. See D.C. Code § 22-2713(b); see also D.C. Code § 42-3101(5)(A) (defining drug nuisance as real property used in whole or part to facilitate a violation of District of Columbia laws on controlled substances).

The D.C. Code also defines a drug or-prostitution related nuisance by its adverse community impact, setting out 12 criteria to measure that impact. See D.C. Code §§ 42-3101(5)(B) & 42-3101(1). Officer Maslona's affidavit shows that the defendant property has adversely impacted its community because of (1) at least six "investigative purchases of controlled substances at or near the property;" (2) at least 15 "arrests of persons at or near the property for criminal conduct relating to . . . the use [or] sale . . . of controlled substances or drug paraphernalia;" (3) six "search warrants served or executed at the property relating to . . . the use, [or] sale . . . of controlled substances;" and (4) "the discharge of a firearm at the property." See D.C. Code §§ 42-3101(1)(G), -3101(1)(H), -3101(1)(I), -3101(K). Two of the police affidavits supporting search warrant applications recounted complaints from citizens and the property's neighbors about activities associated with illegal drug sales, and foot traffic at all times of the day and night. See D.C. Code §§ 42-3101(1)(C), -3101(1)(J) (defining adverse impact in terms of "increased volume of . . . pedestrian traffic" and "substantial number of complaints made to law enforcement" about alleged drug activity). Therefore, the Court concludes that the defendant property is a drug or prostitution-related nuisance under both D.C. Code § 42-3101(5)(A) and D.C. Code § 42-3101(5)(B).

Upon finding that a nuisance exists under D.C. Code § 22-2713, the Court must issue an order of abatement. See DC. Code § 22-2717 ("If the existence of a nuisance be established . . . an order of abatement shall be entered . . . ."). See United States v. Wade, supra, 992 F. Supp. at 13-14 (citing Raleigh v. United States, 351 A.2d 510, 514 (D.C. 1976)). Although the generalized anti-

drug or prostitution-related nuisance law in D.C. Code § 42-3101, *et seq.*, accords wide powers and discretion in fashioning remedies, § 42-3110 states: "If the existence of a drug or prostitution-related nuisance is found, the court shall enter an order permanently enjoining, abating, and preventing the continuance or recurrence of the nuisance." With this order, the Court is taking the necessary steps to meet this statutory command.

As a result of the foregoing, it is by the Court this ___ day of September 2007

ORDERED, that a warrant shall issue, and the same hereby does issue, commanding the seizure of the defendant property before entry of a judgment of forfeiture; and it is further

ORDERED, that a writ of entry shall issue, and the same hereby does issue, for the United States Marshals Service to enter upon the defendant property and any building or improvement thereat for the purpose of executing the orders of the Court made herein; and it is further

ORDERED, that the United States Marshal Service shall have the authority to take any necessary action to execute the orders of the Court made herein and to take possession of the real property and remove and dispose of any personal property at 1923 Rhode Island Avenue, N.E., Washington, D.C., in accordance this ORDER; and it is further

ORDERED that this ORDER itself shall constitute the above-issued seizure warrant and writ of entry and shall evidence the authority of the United States Marshals Service to execute the orders of the Court made herein; and it is further

ORDERED, that after execution of the writ of entry and warrant of seizure issued by this ORDER, the disorderly house and drug or prostitution-related nuisance at 1923 Rhode Island Avenue, N.E., and any improvement thereto, is hereby abated, enjoined, and prevented, and by this ORDER the United States Marshals Service shall have the authority of the Court to enter the

building or place at that address and to remove all fixtures, furniture, or movable property used in conducting the nuisance and to cause the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of one year, unless sooner released by order of this Court; and it is further

ORDERED, that all "fixtures, furniture, . . . or movable property used in conducting the nuisance," other than contraband, if any, may be sold "in the manner provided for the sale of chattels under execution," D.C. Code § 22-2717, but before that shall occur, the United States Marshals Service shall report to the court whether to sell or discard these items, subject to further order of the court; and it is further

ORDERED that notice of this ORDER and of the date of the closing of 1923 Rhode Island Avenue, N.E., Washington, D.C., pursuant to this ORDER, shall be given to the residents and occupants of this property, not fewer than seven calendar days in advance of the closing; and it is further

ORDERED that any and all residents or occupants of 1923 Rhode Island Avenue, N.E., shall cause to be removed from the property any and all personal property or items in the nature of personalty not later than midnight, October 2, 2007, and the United States Marshals Service may treat as abandoned any personal property thereafter found at 1923 Rhode Island Avenue, N.E., or in any building thereat; and it is further

ORDERED that any and all residents or occupants of 1923 Rhode Island Avenue, N.E., are to vacate the premises not later than midnight, October 2, 2007, and the United States Marshals Service shall evict any person who continues to occupy 1923 Rhode Island Avenue, N.E, thereafter; and it is further

ORDERED, that the United States Marshals Service shall not execute this writ of entry, seizure warrant, and abatement order until after 6:00 a.m., Wednesday, October 3, 2007, and shall have discretion to choose the precise time and date to do so after 6:00 a.m., October 3, 2007; and it is further

ORDERED, that the United States Marshals Service shall give public notice at the property that any person who shall break and enter or use 1923 Rhode Island Avenue, N.E., Washington, D.C., shall be punished for contempt of court, by fine of not less than $200 nor more than $1000, by imprisonment not less than three nor more than six months, or by both, as provided in D.C. Code §§ 22-2716, 22-2717; and it is further

ORDERED that, not later than October 12, 2007, the United States Marshals Service shall make a return on this ORDER reporting its execution, and this ORDER's terms are subject to further ORDER of the Court.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

cc: U.S. Marshals Service