UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1211 (PLF) |
| ) | |
| PROPERTY IDENTIFIED AS ) | |
| 1923 RHODE ISLAND AVENUE, ) | |
| NORTHEAST, WASHINGTON, D.C., ) | |
| ) | |
| and ) | |
| ) | |
| ODELL HALE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| MARGARET AUSTIN, ) | |
| ) | |
| and ) | |
| ) | |
| ODELL HALE, ) | |
| ) | |
| Claimants. ) | |
| _____) | |

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

This matter is before the Court on the government's request for a warrant to seize the defendant real property at 1923 Rhode Island Avenue, N.E., Washington, D.C., before entry of a judgment of forfeiture, and for an order to abate, enjoin, and prevent the disorderly house and drug or prostitution-related nuisance at the property. The government seeks relief under 18 U.S.C. § 985(d), D.C. Code §§ 22-2713 through 22-2720, and D.C. Code §§ 42-3101, et seq.[1]

---

[1] The Court exercises jurisdiction over the D.C. Code claims in this case pursuant to 28 U.S.C. § 1367(a). See Decatur Liquors Inc. v. District of Columbia, 478 F.2d 360, 362 (D.C.

As more fully set forth below, the evidence supports the government's requested relief at this stage of the case. Therefore, upon consideration of the points and authorities cited in the government's pleadings, the evidence presented at a hearing on September 12, 2007, the absence of objection by the opposing parties, and the entire record of this action, the Court will order the relief sought.[2]

## I. BACKGROUND

The defendant real property lies on the south side of the 1900 block of Rhode Island Avenue, N.E., between the Brookland and Woodridge neighborhoods of northeast Washington, D.C., near Langdon Park. The main improvement is a detached, single-family rambler-style house. Behind the house, a narrow alley runs east to a street that dead ends into the fenced grounds of the St. Francis de Sales School, an elementary school which stands well within 1000 feet of the defendant property. On the same side of the street, but in the other direction, is the International House of Prayer for All People. Further west is a District of Columbia Public Library at the corner of 18th Street & Rhode Island Avenue, N.E.[3]

---

Cir. 2007); see also Chelsea Condominium Unit Owners Ass'n v. 1815 A Street Condominium Group, 468 F.Supp.2d 136, 140-41 (D.D.C. 2007).

[2] The parties and claimants in this action consented to the entry of the government's "Proposed Opinion and Order," which is the basis of this filing. See Unopposed Motion to Enter Opinion and Order at 2. As detailed in note 5, infra, claimants' consent is granted only as to the entry of this Order, and does not waive claimants' right to object at a later stage of this proceeding (if this case is not amicably resolved, as the parties reported to the Court it was likely to be).

[3] At the hearing, held September 12, 2007, the Court received in evidence without objection a 15-page, single-spaced affidavit of Officer Jeffrey Maslona of the Metropolitan Police Department ("MPD"). The government submitted the affidavit with its request for a seizure warrant and abatement order. As the basis for the findings of fact underpinning this order, the Court adopts as true the facts averred in Officer Maslona's sworn statement, without further citation in this

In 1968, Odell Hale and his then-wife, now Margaret Austin, bought the defendant property. They are still the titled owners. Ms. Austin has not lived at 1923 Rhode Island Avenue, N.E., for decades. The property has remained Mr. Hale's home and, for at least the past seven years, it also has housed all manner of persons and hosted many kinds of illegal activities.

In April 2000, police arrested Mr. Hale for shooting a man during an affray on the front porch after one o'clock in the morning. Since then, a judge of the Superior Court of the District of Columbia has issued warrants on six separate occasions to search the premises at 1923 Rhode Island Avenue, N.E. for evidence of drug-trafficking. Every time the police have raided the house, they have seized illegal drugs and arrested someone. This has happened four times during the past ten months. Usually, the police have arrested several persons, some because they were fugitives with open warrants for escape or bond-jumping. Often, the police have found persons at the property who were violating their probation, parole, or bail pending trial on other criminal charges. Some of the charges arose from arrests at the property during earlier raids. In their searches, the police have found crack cocaine, heroin, marijuana, ammunition, paraphernalia for using illegal drugs, and packaging for selling narcotics. Police also have encountered women with long arrest records for prostitution.[4]

---

Order's text.

[4] Mr. Hale has been convicted at least twice of charges arising from events at the property. Based on the shooting in 2000, Mr. Hale pled guilty to a felony assault and a firearm violation in the Superior Court of the District of Columbia. Mr. Hale also was convicted of a drug-related crime arising from a search warrant served on the premises in 2003. At the time of the hearing before this Court, Mr. Hale had criminal charges pending in at least one case in the Superior Court.

On July 5, 2007, the United States Attorney's Office filed this civil forfeiture action *in rem* against the defendant real property, pursuant to 21 U.S.C. § 881(a)(7). The government also sought equitable relief under District of Columbia Code §§ 22-2713 through 22-2720 and D.C. Code §§ 42-3101, *et seq.* The federal law permits forfeiture of property used to commit felony drug crimes, and the District of Columbia statutes authorize remedies for disorderly houses and drug or prostitution-related nuisances. The action named Mr. Hale as a personal defendant to the suit in equity.

On August 18, 2007, the government asked the Court to issue a warrant to seize the property before its forfeiture under federal law and for an order to abate the disorderly house and enjoin and prevent the nuisance under District of Columbia law. As required by 18 U.S.C. § 985(d)(1), the Court convened a hearing on the matter on September 12, 2007. Mr. Hale and Ms. Austin have entered the case as claimants to oppose the property's forfeiture, and both attended the hearing, with separate counsel. At the hearing, and for the limited purposes of the government's requested preliminary relief, neither claimant took issue with the government's evidence, nor opposed the request for a seizure warrant and abatement order.[5]

---

[5] From the record at the hearing, it is clear that claimants agreed to the government proffer of its evidence in the context only of the request for a seizure warrant and an abatement order. Both claimants reiterate that their lack of opposition to the warrant and order come at an early stage of this case, and it is without prejudice to their right later to contest the merits of forfeiture or permanent equitable relief. The claimants also reserved their right to challenge the proffered evidence at a later stage of these proceedings, should this matter not be speedily resolved. For its part, the government acknowledged that the Court's factual findings are based on consideration of the evidence for the limited purpose of deciding whether to issue a warrant and abatement order, and that claimants later might seek to interpose objections to the same evidence, considered for a different purpose.

To show the existence of a disorderly house and public nuisance, the government proffered without objection scores of documents and more than a dozen photographs, which were arrayed in a two-inch thick, three-ring binder. The Court specifically admitted eleven individual exhibits as evidence of the need for a prejudgement seizure warrant and an order for abatement and preliminary injunction.

## II. APPLICABLE LAW

### A. Federal Forfeiture Law

In the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Congress authorized warrants to seize real property before it had been decreed forfeited. See 18 U.S.C. § 985(d); United States v. Bowman, 341 F.3d 1228, 1232-34 (11th Cir. 2003). Since CAFRA, only rarely have Courts published opinions about the pre-judgment seizure of real property subject to forfeiture. In United States v. Certain Property Located at 263 Weatherbrook Lane, Annistson, Alabama, known as "The Platinum Club", 202 F. Supp. 2d 1275 (N.D. Ala. 2002), the Court stated:

> [U]nder § 985(d), if there has been prior notice to the property owner of the warrant application, the Government is entitled to a warrant for seizure of real property upon a showing of probable cause to believe that the property is subject to forfeiture; if there has not been prior notice, then the Government must make an additional showing of exigent circumstances.

Id. at 1277.[6]

---

[6] 18 U.S.C. § 985(d) provides that seizure of real property may occur *before* entry of an order of forfeiture if:

> (A) the Government notifies the court that it intends to seize the property before trial; and

-5-

In the District of Columbia, this Court similarly has had few occasions to consider a seizure warrant under federal law for a property used to commit narcotic crimes. Judge Urbina's decision in <u>United States v. Property Identified as 410 11th Street, N.E. Unit Number 23 Washington, D.C.</u>, 903 F. Supp. 158 (D.D.C. 1995), upheld an *ex parte* seizure warrant in a similar case. <u>Id</u>. at 160. That ruling was never appealed. In this case, the government elected not to seek an *ex parte* seizure warrant, although it asserts that exigent circumstances do exist which support its requested relief. Instead, it provided notice and an opportunity to be heard to the property's owners, thereby obviating the need to show exigent circumstances in addition to probable cause.

---

>   (B)   the court –
>
>       (i) issues a notice of application for warrant, causes the notice to be served on the property owner and posted on the property, and conducts a hearing in which the property owner has a meaningful opportunity to be heard; or
>
>       (ii) makes an *ex parte* determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.

18 U.S.C. § 985(d)(1). The statute also provides:

>   (2) For purposes of paragraph (1)(B)(ii), to establish exigent circumstances, the Government shall show that less restrictive measures such as a *lis pendens*, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, *or continued unlawful use of the real property*.

18 U.S.C. § 985(d)(2) (emphasis added). The Court notes that there is a higher burden of proof for entry of a final order of forfeiture, a preponderance of the evidence standard. <u>See</u> 18 U.S.C. § 983(c); <u>see also United States v. Certain Property Located at 263 Weatherbrook Lane, Annistson, Alabama, known as "The Platinum Club"</u>, 202 F. Supp. 2d at 1276-77.

*II. District of Columbia Law on Drug or Prostitution-related Nuisance Abatement*

In the 1990s, the District of Columbia Council expanded the government's power to abate drug-related nuisances. The Council added to D.C. Code § 22-2713 a subsection declaring to be a nuisance and disorderly house any building or place "which is resorted to by persons using controlled substances" illegally "for the purposes of keeping or selling these controlled substances" illegally. See D.C. Code § 22-2713(b). This law authorizes a special summary action in equity to abate and enjoin the disorderly house and nuisance. See D.C. Code § 22-2714. An abatement order must direct:

> the removal from the building or place of all fixtures, furniture . . .
> or movable property used in conducting the nuisance . . . and the
> effectual closing of the building or place against its use for any
> purpose, and so keeping it closed for a period of 1 year, unless
> sooner released.

D.C. Code § 22-2717.[7] Evidence of a property's reputation is admissible to prove that it is a nuisance. See D.C. Code § 22-2715.

In 1998, the District of Columbia Council also enacted a general anti-drug nuisance law, now codified at 42 D.C. Code §§ 42-3101, *et seq.* This law authorizes an action "to abate, enjoin, and prevent" a drug or prostitution-related nuisance. See D.C. Code § 42-3102. The burden of proof under the statute is proof by a preponderance of the evidence. See D.C.

---

[7] Congress first passed a version of this law, known as the Kenyon Act, in 1914. See United States v. Wade, 992 F. Supp. 6, 13-15 (D.D.C. 1997), *rev'd on other grounds*, 152 F.3d 969 (D.C. Cir. 1998). Judge Lamberth's Wade opinion is the fullest examination of the Act's civil and criminal provisions for abating nuisances. On review, the U.S. Court of Appeals limited the law – as then written – to prostitution nuisances, but the District of Columbia Council thereafter amended it explicitly to extend the abatement provisions to drug-related disorderly houses and nuisances. As a result, Judge Lamberth's Wade opinion remains instructive.

Code § 42-3108. There do not appear to be any published decisions construing this anti-nuisance law.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court concludes that under 18 U.S.C. § 985(d)(1)(B)(i), the government only needs to show probable cause that the defendant property is subject to forfeiture to obtain a pre-judgment seizure warrant after a hearing. See United States v. Certain Property Located at 263 Weatherbrook Lane, Annistson, Alabama, known as "The Platinum Club", 202 F. Supp. 2d at 1277 (analyzing requisite burden of proof under 18 U.S.C. § 985(d)(1)(b)(i)), aff'd sub nom United States v. Bowman, 341 F.3d 1228, 1235 (11th Cir. 2003) ("We conclude that the standard of proof under 18 U.S.C. § 985(d)(1)(B)(i) is probable cause."). The Court finds that there is in fact probable cause to believe that the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7).

The government's uncontested evidence demonstrates that the premises at 1923 Rhode Island Avenue, N.E., have been used to commit, or to facilitate the commission of, a violation, punishable by more than one year's imprisonment, of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* In the past ten months, the police executed search warrants at the property on November 24, 2006, December 6, 2006, April 20, 2007, and May 25, 2007, and seized controlled substances each time. In particular, on December 6, 2006, the police seized crack cocaine in amounts and packaging that signified an intent to distribute. Pictures of the drugs individually admitted in evidence at the hearing make this plain. Independent of indicia of intent to distribute the drugs, the evidence is even more clear that the defendant property was

made available for the purpose of using controlled substances, in violation of 21 U.S.C. § 856, within 1000 feet of a school, in violation of 21 U.S.C. § 860.

The government's evidence also demonstrates by a preponderance of the evidence that the defendant property is a disorderly house and drug or prostitution-related nuisance as defined in D.C. Code §§ 22-2713 and 42-3101(5). Officer Maslona's affidavit attests to a pattern of police execution of search warrants, seizures of controlled substances, and numerous arrests. This uncontested evidence proves that 1923 Rhode Island Avenue, N.E., regularly has been "resorted to by persons using controlled substances . . . for the purpose of using any of these substances or . . . keeping or selling" them illegally for many months, indeed, years. See D.C. Code § 22-2713(b); see also D.C. Code § 42-3101(5)(A) (defining drug nuisance as real property used in whole or part to facilitate a violation of District of Columbia laws on controlled substances).

The D.C. Code also defines a drug or-prostitution related nuisance by its adverse community impact, setting out twelve criteria to measure that impact. See D.C. Code §§ 42-3101(5)(B) and 42-3101(1). Officer Maslona's affidavit shows that the defendant property has had an adverse impact on its community because of (1) at least six "investigative purchases of controlled substances at or near the property;" (2) at least 15 "arrests of persons at or near the property for criminal conduct relating to . . . the use [or] sale . . . of controlled substances or drug paraphernalia;" (3) six "search warrants served or executed at the property relating to . . . the use, [or] sale . . . of controlled substances;" and (4) "the discharge of a firearm at the property." See D.C. Code §§ 42-3101(1)(G), -3101(1)(H), -3101(1)(I), -3101(K). Two of the police affidavits supporting search warrant applications recounted complaints from citizens and the property's

neighbors about activities associated with illegal drug sales, and foot traffic at all times of the day and night. See D.C. Code §§ 42-3101(1)(C), -3101(1)(J) (defining adverse impact in terms of "increased volume of . . . pedestrian traffic" and a "substantial number of complaints made to law enforcement" about alleged drug activity). The Court therefore concludes that the government has shown by a preponderance of the evidence that the defendant property is a drug or prostitution-related nuisance under both D.C. Code § 42-3101(5)(A) and D.C. Code § 42-3101(5)(B).

Upon finding that a nuisance exists under D.C. Code § 22-2713, the Court must issue an order of abatement. See DC. Code § 22-2717 ("If the existence of a nuisance be established . . . an order of abatement shall be entered . . . ."). See United States v. Wade, 992 F. Supp. at 13-14 (citing Raleigh v. United States, 351 A.2d 510, 514 (D.C. 1976)). With this Order, the Court is taking the necessary steps to meet this statutory requirement.

As a result of the foregoing, it is hereby

ORDERED that the United States' Unopposed Motion to Enter Opinion and Order [9] is GRANTED; it is

FURTHER ORDERED that a warrant shall issue, and the same hereby does issue, commanding the seizure of the defendant property before entry of a judgment of forfeiture; it is

FURTHER ORDERED that a writ of entry shall issue, and the same hereby does issue, for the United States Marshals Service to enter upon the defendant property and any building or improvement thereat for the purpose of executing the orders of the Court made herein; it is

FURTHER ORDERED that the United States Marshal Service shall have the

authority to take any necessary action to execute the orders of the Court made herein and to take possession of the real property and remove and dispose of any personal property at 1923 Rhode Island Avenue, N.E., Washington, D.C., in accordance this ORDER; it is

FURTHER ORDERED that this ORDER itself shall constitute the above-issued seizure warrant and writ of entry and shall evidence the authority of the United States Marshals Service to execute the orders of the Court made herein; it is

FURTHER ORDERED that after execution of the writ of entry and warrant of seizure issued by this ORDER, the disorderly house and drug or prostitution-related nuisance at 1923 Rhode Island Avenue, N.E., and any improvement thereto, is hereby abated, enjoined, and prevented, and by this ORDER the United States Marshals Service shall have the authority of the Court to enter the building or place at that address and to remove all fixtures, furniture, or movable property used in conducting the nuisance and to cause the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of one year, unless sooner released by order of this Court; it is

FURTHER ORDERED that all "fixtures, furniture, . . . or movable property used in conducting the nuisance," other than contraband, if any, may be sold "in the manner provided for the sale of chattels under execution," D.C. Code § 22-2717, but before that shall occur, the United States Marshals Service shall report to the court whether to sell or discard these items, subject to further order of the court; it is

FURTHER ORDERED that notice of this ORDER and of the date of the closing of 1923 Rhode Island Avenue, N.E., Washington, D.C., pursuant to this ORDER, shall be given to the residents and occupants of this property, not fewer than seven calendar days in advance of

the closing; and it is further

FURTHER ORDERED that any and all residents or occupants of 1923 Rhode Island Avenue, N.E., shall cause to be removed from the property any and all personal property or items in the nature of personalty not later than midnight, December 7, 2007, and the United States Marshals Service may treat as abandoned any personal property thereafter found at 1923 Rhode Island Avenue, N.E., or in any building thereat; it is

FURTHER ORDERED that any and all residents or occupants of 1923 Rhode Island Avenue, N.E., are to vacate the premises not later than midnight, December 7, 2007, and the United States Marshals Service shall evict any person who continues to occupy 1923 Rhode Island Avenue, N.E, thereafter; it is

FURTHER ORDERED that the United States Marshals Service shall not execute this writ of entry, seizure warrant, and abatement order until after 6:00 a.m., Saturday, December 8, 2007, and shall have discretion to choose the precise time and date to do so after 6:00 a.m., December 8, 2007; it is

FURTHER ORDERED that the United States Marshals Service shall give public notice at the property that any person who shall break and enter or use 1923 Rhode Island Avenue, N.E., Washington, D.C., shall be punished for contempt of court, by fine of not less than $200 nor more than $1000, by imprisonment not less than three nor more than six months, or by both, as provided in D.C. Code §§ 22-2716, 22-2717; it is

FURTHER ORDERED that, not later than December 21, 2007, the United States Marshals Service shall make a return on this ORDER reporting its execution, and this ORDER's terms are subject to further ORDER of the Court; and it is

FURTHER ORDERED that there will be a status conference on January 7, 2008 at 9:15 a.m.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/27/07

cc: United States Marshals Service