UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROPERTY IDENTIFIED AS )<br>1923 RHODE ISLAND AVENUE, )<br>NORTHEAST, WASHINGTON, D.C., )<br>)<br>and )<br>)<br>ODELL HALE, )<br>)<br>Defendants. )<br>_____)<br>)<br>MARGARET AUSTIN, )<br>)<br>and )<br>)<br>ODELL HALE, )<br>)<br>Claimants. )<br>_____) | Civil Action No. 07-1211 (PLF) |

## FINAL ORDER

Plaintiff the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, together with claimants Margaret Austin and Odell Hale (hereinafter "claimants"), by and through their attorneys, Mr. Robert W. Mance III, Esq., and Mr. R. William Hale, Esq., respectively, have notified the Court that all parties to this case have assented to terms of a Stipulation of Settlement (hereinafter "Stipulation of Settlement" or "this Stipulation") that will dispose of all issues contested between them in this civil forfeiture action brought *in rem* against the improvements and real property identified as 1923 Rhode Island Avenue, N.W.,

Washington, D.C. (hereinafter "the defendant property" or "1923 Rhode Island Avenue, N.E."). The defendant property more fully is described as:

> **Lot numbered sixteen (16) in block numbered three (3) of a subdivision of parts of a tract of land now known as "Ellaston Terrace" as per plat recorded to the office of the surveyor for the District of Columbia in liber county 18 at folio 8, said block 3 now known for purposes of assessment and taxation as square 4209 with all appurtenances and improvements thereon.**

The record in this case reflects that, on July 5, 2007, plaintiff brought this civil forfeiture action *in rem* against the defendant property. On July 11, 2007, plaintiff sent by the U.S. mails written notices of this action to Mr. Odell Hale and Ms. Margaret Austin. The District of Columbia's official records show that they own the defendant property, and that they are the only persons holding title to it. On July 17, 2007, the U.S. Marshals Service gave notice of this forfeiture action at the defendant real property by posting a copy on the front door of the house at the 1923 Rhode Island Avenue, N.E., Washington, D.C. The United States caused notice of the seizure and this forfeiture action to be published in <u>The Washington Times</u> newspaper on July 20, 2007. This notice also appeared on the newspaper's website, according to a newspaper employee. On July 27, 2007, Margaret Austin filed a Statement of Interest as a claim to the defendant property. On August 29, 2007, Odell Hale filed a verified answer in which he asserted ownership of the defendant property. Other than the U.S. Government plaintiff and the defendant property, the formal parties to this action, claimant Margaret Austin and Odell Hale are the only persons who have attempted to enter this matter as claimants or other parties. The Court's docket sheet reflects that no other person filed a claim, and the time to claim has expired, based on the date of notice being posted on the defendant property. The only two known titled owners have noted their entry into this matter,

and it does not appear who else properly could enter this case or become a party to it. Therefore, the Stipulation of Settlement resolves all controverted issues in this case.

The terms of the agreement reached between the parties to this Stipulation are as follows:

I. There is now a contract to transfer the ownership of the defendant property in fee simple by sale between claimants Odell Hale and Margaret Austin, the defendant property's sole owners, and Cooperative Economics, as purchaser, in consideration of the sale price of $235,000.00. Closing of this sale is to take place within ten working days of the issuance by this Court of the attached order disposing of this action. Purchaser Cooperative Economics has asserted that it has no business or economic relationship to either of the claimants other than because of the purchase of the defendant real property, and that it has made no other agreement with either of the claimants other than for the purchase of the defendant real property for $235,000.00. Purchaser Cooperative Economics has agreed that it will not permit any person who resided at 1923 Rhode Island Avenue, N.E., within the 12 months before the date of this Stipulation to reside in the defendant property after the date of its sale to purchaser.

II. In contemplation of the sales contract between claimants as sellers and Cooperative Economics as purchaser, and in consideration of the terms of this Stipulation of Settlement and its fulfillment by claimants, plaintiff United States of America agrees to retract on or before the date of the closing of the sales contract for the defendant property the notice of *lis pendens* plaintiff has filed against the defendant property with the District of Columbia government and to permit Cooperative Economics to acquire an interest in the defendant property superior to that of the United States.

III. In consideration of the terms of this Stipulation, claimants agree that, at the time of the closing of the sale of the defendant property, an amount equal to 25% of the proceeds of the full sales price shall be paid to plaintiff, and that this shall be accomplished by purchaser Cooperative Economics paying the sum of $58,750.00 by certified or cashier's cheque made out to the United States of America. The balance of 75% of the proceeds of the sale price shall be paid according to the terms of the contract between the purchaser Cooperative Economics and claimants, and plaintiff United States shall have no interest in this sum and how it is divided between claimants.

IV. Claimants further agree to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents, or the Metropolitan Police Department and any of its officers, for any cause of action related to the defendant property or to this

       federal forfeiture action against the defendant property, or to the underlying facts of this case.

V.    The Parties agree that each shall bear its own court costs and legal expenses, and that neither party shall take any action or make any claim for fees, costs, or payments on account of fees owed to counsel.

***NOW THEREFORE***, in consideration of the entire record in this case and the consent and agreement between the United States and claimants, and in final resolution of all remaining contested issues as to right, title, and interest to the defendant property, it is hereby

***ORDERED, ADJUDGED AND DECREED***, that the Stipulation of Settlement is accepted and approved, in accordance with the terms set forth above; and it is

***FURTHER ORDERED***, that the above-captioned case is DISMISSED, except that the Court shall retain jurisdiction to enforce the provisions of the Stipulation of Settlement.

The Clerk is hereby directed to send a certified copy of this Order to all counsel of record and to the United States Marshals Service.

ENTERED on this 28th day of November, 2007.

_____
PAUL L. FRIEDMAN,
UNITED STATES DISTRICT JUDGE

Copies to:

Barry Wiegand
Assistant United States Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C. 20001
(202) 307-0299
(202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

Mr. Roger William Hale, Esq.
2411 Parallel Lane

Silver Spring, MD 20904
(301) 989-1115 (office)
lawyerhale@earthlink.net

Mr. Robert Weston Mance, III, Esq.
1050 17th Street, NW
Suite 1000
Washington, DC 20036
(202) 223-1254 (office)
(202) 452-8690 (fax)
Email: manceiii@aol.com

Ms. Jennifer L. Alter, Esq.
All-Star Settlements, LLC/All-Pro Title & Escrow LLC
1029 North Calvert Street, #300
Baltimore, Maryland 21201
(410) 727-1371 (office)
(410) 727-6955 (fax)
Jenniferw@allstarsettlements.com